**THEIDA SALAZAR** SBN: 295547
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way  #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: salazarlawgroup@gmail.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ELGIN BANKS, an Individual; NATALIE EPSTEIN, an Individual; BRANDY FLOWERS, an Individual; CYNTHIA VASSOR, an Individual and AUBREY KELLY, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC. dba AMERICAN AIRLINES, a Delaware Corporation; DOE DEFENDANTS 1-20, inclusive<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. RACE DISCRIMINATION VIOLATION OF 42 U.S.C. §2000(a), *et. seq.*;<br>2. DISCRIMINATION VIOLATION OF 49 U.S.C. §4010 (A)(9).<br>3. RETALIATION;<br>4. FAILURE TO PREVENT; DISCRIMINATION;<br>5. NEGLIGENCE;<br>6. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;<br>7. AND<br>8. VICARIOUS LIABILITY.<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiffs, ELGIN BANKS, AUBREY KELLY, NATALIE EPSTEIN, BRANDY FLOWERS, AND CYNTHIA VASSOR by and through undersigned counsel and in support complains, alleges and avers as follows:

## JURISDICTION AND VENUE

1. This is a civil complaint brought in United States District Court under Federal and California state statutes prohibiting discrimination in order to secure protection and redress deprivation of rights under these laws.

2. Plaintiffs' statutory claims arise under including but not limited to Title VII of the Civil Rights Acts of 1964 ("Title VII"), as amended and codified as, 42 U.S.C. §2000e-2 et seq.

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1332.

4. This action, also, includes two claims arising out of California state law, which is joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. §1367(a). Plaintiffs assert they endured either disparate treatment, race discrimination, or retaliation due to race as well as complaining of said race discrimination which is strictly prohibited by the Civil Rights Acts of 1964 ("Title VII").

5. Jurisdiction in this case is also proper pursuant to California Government Code §8315.

6. This Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

7. During the relevant time period, Defendant, AMERICAN AIRLINES GROUP, INC. (hereinafter referred to as "American") is a Delaware Corporation operating within the County of Los Angles, State of California and employing persons within the State of California.

8. Venue is proper in the District of California pursuant to 28 U.S.C. §1391(b) because the claimed unlawful discrimination practices were committed in and arose in the District of California. Further, the venue is, also, proper Code of Civil Procedure §395(a).

9. The amount in controversy in this matter exceeds the sum of $75,000, exclusive of interest and costs.

## **PARTIES**

10. Plaintiff, ELGIN BANKS is an individual and is now, and at all times mentioned in this Complaint was an out of state resident onboard American Airlines Flight 1931 departing Los Angeles International Airport.

11. Plaintiff, NATALIE EPSTEIN is an individual and is now, and at all times mentioned in this Complaint was an out of state resident onboard American Airlines Flight 1931 departing Los Angeles International Airport.

12. Plaintiff, BRANDY FLOWERS is an individual and is now, and at all times mentioned in this Complaint was an out of state resident onboard American Airlines Flight 1931 departing Los Angeles International Airport.

13. Plaintiff, CYNTHIA VASSOR is an individual and is now, and at all times mentioned in this Complaint was an out of state resident onboard American Airlines Flight 1931 departing Los Angeles International Airport.

14. Plaintiff, AUBREY KELLY is an individual and is now, and at all times mentioned in this Complaint was an out of state resident onboard American Airlines Flight 1931 departing Los Angeles International Airport.

15. Defendant, AMERICAN AIRLINES, INC. dba AMERICAN AIRLINES ("American") is a California Corporation, and at all times mentioned in this Complaint owns and operates said business in Los Angeles County, California.

16. Plaintiff sues DOES 1 through 20, inclusive, herein under fictitious names. Plaintiffs do not know their true names and capacities. When Plaintiffs ascertain the DOE Defendants' true names and capacities, Plaintiffs will amend this Complaint by inserting their true names and capacities. Plaintiffs are informed and believes, and on the basis of that information and belief alleges each Defendant named herein as a DOE acted with the other defendants and is responsible for the damages to Plaintiffs herein alleged. Each reference in this Complaint to Defendants, or to any of them, also refers to all Defendants sued under fictitious names.

17. Plaintiff is informed and believes, and on the basis of that information and belief alleges each of the Defendants sued herein are the agents, servants, employees, licensees, guarantees, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment guaranty, assignment, license, invitation and/or relationship and with the full knowledge and consent of the other.

18. At all relevant times mentioned herein, Defendants aided and abetted the acts and omissions of the other Defendants in proximately causing the damages alleged herein.

## FACTUAL ALLEGATIONS

19. This case is a pervasive discrimination case whereby Defendant reprehensibly and repetitively violated several well established discrimination laws.

20. There are two well-known principles in this nation: (1) customer service and civility are necessary for positive human interactions and (2) no person should be denied the right to any public accommodation because of discrimination and retaliation.

21. Unfortunately, this is a case of the vice versa of these two basic principles.

22. This matter pertains to the American Airlines Flight 1931 ("Flight 1931") departing Los Angles California on Sunday, May 31, 2020 around 7:45pm routed to arrive in Phoenix, Arizona.

23. Furthermore, Plaintiffs, Elgin Banks, Natalie Epstein, Brandy Flowers, Cynthia Vassor and Aubrey Kelly were all onboard for American flight 1931.

24. Elgin Banks is an African-American male.

25. Natalie Epstein is a Caucasian female.

26. Brandy Flowers is an African-American female.

27. Cynthia Vassor is an African-American female.

28. Aubrey Kelly is an African-American male.

29. Well known to the country, this flight was during a very contentious and concerning time given the existence of COVID-19 and the murder of George Floyd.

30. Elgin is a kind, gentle African-American man that was simply on the flight to return back home after staying in Los Angeles for a few weeks with his family for bereavement purposes.

31. Aubrey was also a kind gentle African-American male entering his third year of medical school at UCLA.

32. Plaintiffs, Natalie, Brandy and Cynthia were also onboard Flight 1931 returning to Phoenix, Arizona.

33. As the Plaintiffs boarded Flight 1931, each Plaintiff anticipated a relaxing safe experience however that did not occur on May 31, 2020.

34. Flight 1931 quickly became a horrendous racially discriminatory environment.

35. That American racially discriminated against Aubrey prior to his boarding by unnecessarily forcing Aubrey to check his carry-on bag without any justifiable or legal reasoning to do so; there was room for carry-ons on Flight 1931 and Aubrey's bag was compiled to the proper sizing for the carry-on; thus the refusal was racially motivated from the outset.

36. That once onboard Flight 1931 Plaintiffs engaged in a serious discrimination and retaliation situation.

37. As Elgin boarded Flight 1931, he politely requested if the flight was full and if he could change seats if open seats where available; an American flight attendant assured that he could change seats when the pilot states that "boarding is complete".

38. Abiding by the statement conveyed to him, Elgin waited for the pilot's announcement that the boarding was complete.

39. Given the prior communication with the flight attendant staff member, when the pilot stated boarding was complete, several non-African American passengers changed seats freely.

40. Recognizing that he now had the opportunity to change seats, Elgin requested permission from the caucasian flight attendant to get a closer seat to the front of the airplane.

41. Elgin specifically stated, "excuse me, I asked for a seat earlier and I see you moving people so I wanted to know if I could get a closer seat."

42. The flight attendant replied "sir, step back", in an aggressive and rudely intimidating tone. Elgin replied, "okay ma'am, all I was asking is if I could get a seat closer to the front."

43. The flight attendant then responded "sir, you don't have to raise your voice" then Elgin replied, "I didn't raise my voice ma'am; I was just asking if I could get a seat closer."

44. Despite Elgin's respectful and humbled request, the vile flight attendant had the audacity to state "sir go sit down" and Elgin returned to his seat.

45. Thereafter the flight attendant called airport security as well as airport police and conveniently after causing this demeaning situation disappeared from the incident.

46. Needless to say, subsequently, security came upon the plane and forced Elgin to exit the plane, despite the overt statements of passengers that Elgin did nothing wrong in the situation.

47. In solidarity to the racial discrimination presented before them, Plaintiffs, Aubrey, Natalie, Brandy and Cynthia were escorted off as well as each of them were witnesses advocating for Elgin.

48. Furthermore, appallingly when exiting the plane Plaintiffs were greeted by 20 police offices as if they were criminals.

49. To add insult to injury, the flight attendant made ridiculous falsities about what occurred on Flight 1931. She stated, that Elgin was trying to sit in first class which was a perjurious lie.

50. Most egregiously, the flight was cancelled and American offered accommodations for the caucasian customers yet for the African-American who were also escorted off due to their solidarity against discrimination American denied offering accommodations.

51. Most importantly, the fact that the security stated to Plaintiff Cynthia "[w]hy would you want to fly with an airline that doesn't want you on their plane?" that remark in and of itself provides sufficient evidence of the discrimination in this case.

52. Even more disgustingly, American has the audacity to claim that all of the Plaintiffs' were banned from travel on its airline which demonstrated the racial discrimination alleged herein.

53. It is clear that Elgin did nothing wrong in this instance; he did not violate any law, airline policy nor FAA policy during this matter. (*see Exhibit 1*)

54. It is clear that none of the Plaintiffs did nothing wrong in this instance; they did not violate any law, airline policy nor FAA policy during this matter. (*see Exhibit 1-4*)

55. Thus, in order to receive recompense and true justice, Plaintiffs are filing this lawsuit.

## FIRST CAUSE OF ACTION
### RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §2000(a)
### (Elgin and Aubrey Against Defendant)

56. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through fifty-four (54) above as though fully set forth hereafter.

57. Title II of the Civil Rights Act 42 U.S.C. §2000(a) states "(a) [a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination on the ground of race, color, religion, or national origin." (bolded and italicized for emphasis)

58. In this case American violated by intentionally purposefully allowing race discrimination on Flight 1931.

59. American is the owner of the airplane and employer of all staff on Flight 1931.

60. The caucasian flight attendant was and possibly still is an employee of American.

61. That Elgin and Aubrey were African American men on Flight 1931.

62. It is clear that based upon the above-referenced facts, that American and its staff subjected Elgin and Aubrey to adverse situations and constant harassment.

63. Aubrey endured an adverse racial discriminatory situation when American refused to allow him to take a carryon bag for Flight 1931 despite the fact that Aubrey observed many caucasian passengers freely taking their carry-ons on the plane.

64. Elgin endured adverse racial discrimination when he was unjustifiably escorted off Flight 1931 simply because he requested the same right and the same change of seat that many caucasian passengers received with no hesitation or arguments from the flight attendant.

65. Here, it was clear that American and its staff egregiously and despicably treated Elgin and Aubrey disparately because of the color of their skin. Elgin and Aubrey's race was the substantial motivating reason for American's discriminatory conduct.

66. Additionally, despite, knowing about these said despicable verbal interactions, American never took any action regarding the same thus bolstering the harm to the Elgin and Aubrey.

67. Thus, Defendant acts and omissions were the substantial factor of the race discriminatory harm that Aubrey and Elgin endured in this matter.

68. In this case, Elgin and Aubrey were harmed emotionally as well as physically. The verbal abuse and abusive caused detrimental harm to Aubrey and Elgin.

69. Elgin and Aubrey experiences and endures actual damages in an amount subject to proof at trial.

70. Defendants' actions are intentional and done with willful disregard for the well-established and well-known legal rights of Elgin and Aubrey.

71. Plaintiffs had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

**SECOND CAUSE OF ACTION**
**VIOLATION OF DISCRIMINATION PURSUANT TO 49 U.S.C. §4010 (A)(9)**
**(Elgin and Aubrey Against Defendant)**

72. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through seventy-one (71) above as though fully set forth hereafter.

73. Federal Transportation Law 49 U.S.C. §4010(a)(9) states "Secretary of Transportation shall consider the following matters, among others, as being in the public interest and consistent with public convenience and necessity (9) preventing unfair, deceptive, predatory, or anticompetitive practices in air transportation." (bolded and italicized for emphasis)

74. In this case American violated 49 U.S.C. §4010(a)(9) by intentionally purposefully failing to abide by the law requiring the prevention of unfair and deceptive practices.

75. In fact American blatantly allowed the race discrimination on Flight 1931.

76. American is the owner of the airplane and employer of all staff on Flight 1931.

77. The caucasian flight attendant was and possibly still is an employee of American.

78. That Elgin and Aubrey were African American men on Flight 1931.

79. It is clear that based upon the above-referenced facts, that American and its staff subjected Elgin and Aubrey to adverse situations and constant harassment.

80. Thus, American numerous verbal assaults engrained in race discrimination was a substantial motivating reason for harassment, discriminatory, unjustifiable and despicable conduct that Elgin and Aubrey endured on May 31, 2020.

81. Aubrey endured an unfair practice when American refused to allow him to take a carryon bag for Flight 1931 despite the fact that Aubrey observed many caucasian passengers freely taking their carry-ons on the plane.

82. Elgin endured an unfair practice when he was unjustifiably escorted off Flight 1931 simply because he requested the same right and the same change of seat that many caucasian passengers received with no hesitation or arguments from the flight attendant.

83. Here, it was clear that American and its staff egregiously and despicably treated Elgin and Aubrey unfairly due to race which is a direct violation of 49 U.S.C. §4010(a)(9).

84. Thus, Defendant's acts and omissions were the substantial factor of the race discriminatory harm that Aubrey and Elgin endured in this matter.

85. In this case, Elgin and Aubrey were harmed emotionally as well as mentally.

86. Defendants and its' staff discriminated against Elgin and Aubrey on the basis of their race which is in violation of 49 U.S.C. §4010(a)(9) thus violating good faith and public policy.

87. Defendant, and its' staff violated public policy in bad faith and deliberately chose to subject Elgin and Aubrey to unlawful discrimination and perpetuated the harm by oppressing then and outright disrespecting them due to their race.

88. The fraudulent statements and despicable mannerisms coupled with the demeaning actions of the Defendant and its' staff evidences the race discrimination in this case.

89. Elgin and Aubrey experiences and endures actual damages in an amount subject to proof at trial.

90. Defendant and its staff's actions are intentional and done with willful disregard for the well-established and well-known legal rights of Elgin and Aubrey.

91. Plaintiffs had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

**THIRD CAUSE OF ACTION**
**RETALIATION 42 U.S.C. § 4000E-3)**
**(Against Defendant)**

92. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through ninety-one (91) above as though fully set forth hereafter.

93. Federal law 42 U.S.C. §2000e-3 specifically prohibits an entity from taking retaliatory action against a person for attempting to invoke civil rights under the Federal Discrimination Laws.

94. Each Plaintiff in this case expressed individual concerns, verbally about the disparate treatment, unjustifiable escorting off the plane, the unnecessary police and security intervention, harassment, alleged banning from American, denial of accommodation after canceling the flight and the denial of their ability to receive the same terms and condition of the similarly situated passengers on Flight 1931.

95. Plaintiffs were subjected to retaliatory acts merely because American believed the unscrupulous words and acts of its employee flight attendant rather than listening to its customers.

96. Defendant and its staff's actions were intentional and done with willful disregard for the well-established and well-known rights of each and every Plaintiff as well as completely disregarding the federal laws against any retaliatory conduct.

97. Plaintiffs had to engage the services of attorneys to represent them in this matter and is entitled to an award of reasonable attorney's fees.

...
...
...
...

## FOURTH CAUSE OF ACTION
### FAILURE TO PREVENT HARASSMENT AND DISCRIMINATION §12940(K)
### (Against Defendant)

98. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through ninety-seven (97) above as though fully set forth hereafter.

99. California Government Code §12940(k) ("Gov. Code§12940(k)") states, "it is unlawful for…[an entity to] (k) …*fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring*.." (bolded and italicized for emphasis)

100. In this case, American violated Gov. Code §12940(k) by failing to ensure while failing provide proper responses and enforcing policies to prevent discrimination and harassment on Flight 1931.

101. That each and every Plaintiff on Flight 1931 purchased and bought airline tickets for said flight.

102. That Plaintiffs and each of them were American customers and passengers.

103. American is the owner and employer of American staff members, including the caucasian flight attendant.

104. It is clear that based upon the above-referenced facts, that American and its staff subjected the Plaintiffs to adverse and definitely hostile public accommodations due to discrimination and retaliation.

105. Most horrendously, because of the failure to prevent the discrimination and retaliation, American and its staff increased the despicable acts by banning its customers; this American failed to prevent the furtherance of the racial discrimination and retaliation.

106. America and its staff's immature, weak, feeble and diabolical action was in violation of numerous civil laws.

107. American failed to take any reasonable steps to prevent and protect its passengers and customers from harassment, discrimination and retaliation.

108. Thus, Defendant American's blatant omissions were the substantial factor of the discriminatory and retaliation harm that Plaintiff's endured in this matter.

109. In this case, Plaintiffs were harmed emotionally as well as mentally. The verbal abuse caused detrimental harm to the Plaintiffs.

110. Most importantly, American failed and continues to fail to take any and all reasonable steps to prevent the discrimination and retaliation and such failure were a substantial factor in causing this despicable and heinous conduct whereby its staff felt entitled to conduct despicable and immoral actions against the Plaintiffs.

111. Plaintiffs are experiencing and enduring actual damages in an amount subject to proof at trial.

112. Defendant American's omissions and failures were intentional and done with willful disregard for the well-established and well-known legal rights of the Plaintiffs.

113. Plaintiffs had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

### FIFTH CAUSE OF ACTION
#### NEGLIGENCE
#### (Against Defendant)

114. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and thirteen (113) above as though fully set forth hereafter.

115. *California Civil Code section 1714(a)*, states: "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person."

116. America owns the airplane and employs each staff member on Flight 1931. American hired the caucasian flight attendant as an employee for American who was working on Flight 1931.

117. That That Plaintiffs and each of them were American customers and passengers.

118. That American owed a duty a general duty of reasonable care as well as the reasonable accommodation for a non-hostile traveling environment and experience.

119. Thus, American had a general duty of reasonable care owed to the Plaintiffs during their travel on Flight 1931.

120. That American had a legal obligation to provide an amicable and civil traveling and environment and experience.

121. That American had a duty to use due care in facilitating the operations, conduct and acts so as not cause injury to others.

122. Furthermore, American failed to meet that duty. Among other things, Defendants failed to protect Plaintiffs from harm.

123. Harm to the Plaintiffs was a foreseeable.

124. However, American, breached the duty of care owed to the Plaintiffs when American consistently attacked verbally as well as the atrocious act of banning and failing to provide any accommodations to the Plaintiffs.

125. That American failed to use reasonable care by failing to prevent the discrimination, retaliation and harassment on Flight 1931.

126. That American given the circumstances, used unreasonable conduct by inappropriately escorting Plaintiffs off the plane then unjustifiably issues a ban from American to each Plaintiff.

127. As a further proximate result of the situation solely created by American, Plaintiffs have incurred, and will continue to incur, medical and related expenses.

128. Defendant's acts and omissions were a substantial factor, direct and proximate cause in causing Plaintiffs' injuries.

129. Plaintiffs has incurred, and will continue to incur, medical and related expenses. As a result of Defendants' negligence, Plaintiffs have been damaged and has suffered damages in an amount in excess of $50,000.00.

### SIXTH CAUSE OF ACTION
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

130. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and twenty-nine (129) above as though fully set forth hereafter.

131. Defendants were undoubtedly extremely and recklessly negligent with the Plaintiffs.

132. That each Plaintiff incurred physical and mental damages from American and its staff's acts and omissions in this matter.

133. That Plaintiffs suffered serious emotional distress after the terrifying experiences they endure on Flight 1931.

134. As a direct and proximate result of American's negligent conduct, Plaintiffs experienced mental anguish as well as physical pain.

135. As a direct and proximate result of Defendant's conduct, Plaintiffs suffered general damages in an amount to be determined by proof at trial.

136. As a further direct and proximate result of Defendant's conduct, Plaintiffs are entitled to an amount to be determined by proof at trial.

137. Defendant acted maliciously and oppressively, in willful and conscious disregard of Plaintiffs rights and safety negligently causing to harm Plaintiffs.

...
...

## SEVENTH CAUSE OF ACTION
### VICARIOUS LIABILITY
#### (Against Defendant)

138. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and thirty-seven (137) above as though fully set forth hereafter.

139. As stated herein, American owns and operates the plane and employs the staff members on said plane; specifically Flight 1931.

140. Also, stated herein, the caucasian flight attendant was and still probably is an employee for American.

141. Plaintiffs' endured the extremely horrendous harassment, discrimination and retaliation distributed by the American employed caucasian flight attendant.

142. Plaintiffs states that the American employed caucasian flight attendant caused harm to their mental and emotional health.

143. However, Plaintiffs also state and allege that American is responsible for the harm and damages because the caucasian flight attendant is an agent and employee of American who was at all times acting as such when the incidents occurred in this case.

144. It is absolutely clear and definite that the caucasian flight attendant engaged and conducted the unscrupulous acts while employed with American.

145. Most notably, the caucasian flight attendant completed these maliciously abusive statements and fraudulent acts while acting and working within the scope of her employment with American while she rendered harm to each and every Plaintiff.

146. Thus, American vicariously harmed the Plaintiffs.

147. As a proximate result of American's vicarious conduct, Plaintiffs have incurred economic damages in an amount according to proof.

148. As a result of American's vicarious liability, Plaintiffs have incurred and suffered damages in an amount in excess of $50,000.00.

**WHEREFORE**, Plaintiffs, each, pray for judgment against Defendant American Airline, and each of them as follows:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For prejudgment interest;
4. For punitive damages;
5. For post judgment interest;
6. For costs of suits incurred herein; and
7. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED this day 19 June, 2020.

**THEIDA SALAZAR SBN: 295547**
**LAW OFFICES OF THEIDA**
**SALAZAR**
2140 North Hollywood Way #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: *salazarlawgroup@gmail.com*

*Attorney for Plaintiffs*