1  Patrick J. Kearns, Esq. (SBN 241602)
   Sarena Kustic, Esq. (SBN 292715)
2  WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
3  401 West A Street, Suite 1900
   San Diego, California 92101
4  Telephone:   (619) 321-6200
   Facsimile:   (619) 321-6201
5  Email:       Patrick.Kearns@wilsonelser.com
                Sarena.Kustic@wilsonelser.com
6
   Attorneys for Defendant, AMERICAN AIRLINES GROUP, INC., DBA
7  AMERICAN AIRLINES, erroneously sued as AMERICAN AIRLINES, INC., dba
   AMERICAN AIRLINES
8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | ELGIN BANKS, an Individual; | Case No. 2:20-cv-05495 ODW (GJSx)
   | NATALIE EPSTEIN, an Individual; |
13 | BRANDY FLOWERS, an Individual; | **MEMORANDUM OF POINTS AND**
   | CYNTHIA VASSOR, an Individual | **AUTHORITIES IN SUPPORT OF**
14 | and AUBREY KELLY, an Individual | **DEFENDANT'S MOTION TO**
   |                                 | **DISMISS AND TO STRIKE,**
15 |        Plaintiff, | **PURSUANT TO F.R.C.P RULE 12**
   |
16 | v. | District Judge: Hon. Otis D. Wright, II
   |    | Magistrate Judge: Hon. Gail J. Standish
17 | AMERICAN AIRLINES, INC. dba |
   | AMERICAN AIRLINES, a Delaware | Complaint Filed: June 19, 2020
18 | Corporation; DOE DEFENDANTS | Amended Complaint Filed: July 31, 2020
   | 1-20, inclusive; |
19 |                  | Trial Date: Not Yet Set
   |        Defendants. |
20 |                  | Hearing Date: September 21, 2020
   |                  | Hearing Time: 1:30 p.m.
21 |                  | Department: 5D
22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ........................................... 1

II.  PLAINTIFFS' OPERATIVE FACTUAL ALLEGATIONS ........................... 1

    A.  Plaintiff Aubrey Kelly Has to Check His Carry-on ............................... 1

    B.  Plaintiff Elgin Banks Wants a Better Seat ............................... 2

    C.  The Remaining Plaintiffs Insert Themselves into the Scene and Create an Uproar on the Plane ............................... 2

    D.  Plaintiffs Defy the Pilot and Crew's Instructions ............................... 3

    E.  Plaintiffs Are Banned from American Airlines ............................... 4

    F.  Plaintiffs' File Suit ............................... 4

III.  LEGAL STANDARD ............................... 5

    A.  Dismissal for Failure to State a Claim ............................... 5

    B.  Striking Portions of the Complaint ............................... 6

IV.  LEGAL ARGUMENT ............................... 6

    A.  Dismissal Of Plaintiffs' First Amended Complaint Is Warranted Because Plaintiffs Fail To State A Claim Upon Which Relief Can Be Granted ............................... 6

        1.  Plaintiffs Fail to State a Claim for Violation of 42 U.S.C. § 2000a ............................... 6

            a.  Airlines are not places of public accommodation ............................... 7

            b.  Plaintiffs failed to satisfy pre-filing notice requirements ............................... 8

            c.  There Are No Facts to Support a Claim that American Denied Banks Or Kelly Equal Enjoyment and Certainly No Facts to Suggest Race was a Factor ............................... 9

d. Plaintiffs cannot recover damages under Section 2000a. ............................................................. 11

2. Plaintiffs Fail to State a Claim under 42 U.S.C. § 1981 ............. 11

3. Plaintiffs' Second Cause of Action Must Be Dismissed Because There is No Express or Implied Private Right of Action Under 49 U.S.C. §§ 40127(a) and 41310(a) ................... 13

4. Plaintiffs Fail to State a Claim for Harassment ......................... 14

5. Plaintiffs Fail to State a Claim for Negligence. ........................ 16

a. There are no facts suggesting American Airlines discriminated against, or breached a duty of care to, Plaintiff Aubrey Kelly ......................................... 17

b. There are no facts suggesting American Airlines discriminated against, or breached a duty of care to, Plaintiff Elgin Banks ............................................ 17

c. There are no facts suggesting American Airlines discriminated against, or breached a duty of care to, any other Plaintiffs ........................................... 18

6. Plaintiffs Fail to State a Claim for NIED .................................. 18

7. Vicarious Liability is Not a Cause of Action. ............................ 19

8. American Airlines is Not Liable for Refusing to Transport Plaintiffs. ................................................................ 19

a. Airlines have broad discretion under 49 U.S.C. § 44902(b). ......................................................... 19

b. The Pilot determines whether to refuse transport, and a flight attendant's allegedly discriminatory motives cannot be imputed. .......................................... 20

B. If The FAC Is Not Dismissed Entirely, The Court Should Strike The Impertinent, Immaterial, Redundant, And Scandalous Portions Therein ....................................................................... 22

V. CONCLUSION .................................................................... 25

**DEFENDANT'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE**

*2:20-cv-05495 ODW (GJSx)*

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004) ............................................................... 6

*Al-Tawan v. Am. Airlines, Inc.*,
   570 F. Supp. 2d 925 (E.D. Mich. 2008) ............................................... 14

*Alvarado-Morales v. Digital Equipment Corp.*,
   843 F.2d 613 (1st Cir. 1988) ................................................................ 22

*Archibald v. Pan American World Airways, Inc.*,
   460 F.2d 14 (9th Cir. 1972) .................................................................. 24

*Arnold v. Tiffany*,
   359 F. Supp. 1034 (C.D. Cal.), aff'd, 487 F.2d 216 (9th Cir. 1973) ...................... 12

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988) .................................................................. 5

*Bell Atl. Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) ................................................................... 5, 14

*Boyle v. Jerome Country Club*,
   883 F. Supp. 1422 (D. Idaho 1995).......................................................... 8

*Bureerong v. Uvawas*,
   922 F. Supp. 1450 (C.D. Cal. 1996)........................................................ 25

*California ex rel. State Lands Comm'n v. United States*,
   512 F. Supp. 36 (N.D. Cal. 1981) .......................................................... 22

*Cardenas v. Am. Airlines, Inc.*,
   2019 U.S. Dist. LEXIS 112925 (S.D. Cal. 2019)................................... 20, 21

*Cerqueira v. Am. Airlines, Inc.*,
   520 F.3d 1 (1st Cir. 2008)...................................................................... 19

*Cintron v. Jetblue Airways Corp.*,
   324 F. Supp. 3d 248 (D. Mass. 2018) .................................................... 21

*Collier v. United States*,
   2008 U.S. Dist. LEXIS 130744 (C.D. Cal. 2008) .................................................. 11

*Cordero v. Cia Mexicana de Aviacion, S.A.*,
   681 F.2d 669 (9th Cir. 1982) ...................................................................................... 20

*Dennis v. Delta Air Lines*,
   2011 U.S. Dist. LEXIS 115951 (E.D.N.Y. 2011) .................................................. 14

*Doe v. Delta Airlines, Inc.*,
   129 F. Supp. 3d 23 (S.D.N.Y 2015) .......................................................................... 20

*Dunn v. Albertsons*,
   2017 U.S. Dist. LEXIS 127815 (D. Nev. 2017) ........................................................ 8

*Elnajjar v. Northwest Airlines, Inc.*,
   2005 U.S. Dist. LEXIS 36792 (S.D. Tex. 2005) .................................................... 14

*Ess v. Eskaton Properties, Inc.*,
   97 Cal. App. 4th 120 (2002) ...................................................................................... 18

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) ............................................................................ 6, 22

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) .................................................................................... 6

*General Bldg. Contractors Ass'n v. Pa.*,
   458 U.S. 375 (1982) .................................................................................................. 12

*Harris v. Ericson*,
   457 F.2d 765 (10th Cir. 1972) .................................................................................... 8

*Healing v. Jones*,
   174 F. Supp. 211 (D. Ariz. 1959) ............................................................................ 22

*Huggar v. Northwest Airlines, Inc.*,
   1999 U.S. Dist. LEXIS 1026 (N.D. Ill. 1999) .......................................................... 7

*Jefferson v. City of Fremont*,
   73 F. Supp. 3d 1133 (N.D. Cal. 2014) ............................................................... 11, 12

*Jeffery v. Home Depot U.S.A, Inc.*,
   90 F.Supp.2d 1066 (S.D. Cal. 2000) .......................................................................... 7

iv

*Kalantar v. Lufthansa German Airlines*,
  402 F. Supp. 2d 130 (D.D.C. 2005) ........................................................ 7

*Mercer v. Southwest Airlines Co.*,
  2014 U.S. Dist. LEXIS 175065 (N.D. Cal. 2014) ......................... 12, 14

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ................................................................. 6

*Mutlu v. JetBlue Airways Corporation*,
  2009 U.S. Dist. LEXIS 60164 (S.D.N.Y. 2009)................................... 14

*Newman v. Piggie Park Enters, Inc.*,
  390 U.S. 400 (1968) ............................................................................ 11

*NL Indus., Inc. v. Kaplan*,
  792 F.2d 896 (9th Cir. 1986) ................................................................. 6

*PAN AM v. United States*,
  371 U.S. 296 (1963) ....................................................................... 13, 14

*Peredia v. HR Mobile Services, Inc.*,
  25 Cal.App.5th 680 (2018) .................................................................. 16

*Polansky v. Trans World Airlines, Inc.*,
  523 F.2d 332 (3d Cir. 1975) ............................................................... 13

*Rodeo Realty v. Santangelo*,
  2012 U.S. Dist. LEXIS 202611 (C.D. Cal. 2012) ............................... 24

*Rosal v. First Fed. Bank of Cal.*,
  671 F.Supp.2d 1111 (N.D. Cal. 2009) ................................................ 14

*Shaffy v. United Airlines*,
  2008 U.S. Dist. LEXIS 120983 (C.D. Cal. 2008) .......................... 19, 20

*Sidney-Vinstein v. A.H. Robins Co.*,
  697 F.2d 880 (9th Cir. 1983) ................................................................. 6

*Snyder v. Fed. Home Loan Mortg. Corp.*,
  2012 U.S. Dist. LEXIS 28099 (N.D. Cal. 2012) ................................. 16

*Solyndra Residual Trust v. Suntech Power Holdings Co.*,
  62 F. Supp. 3d 1027 (N.D. Cal. 2014) ................................................... 6

**DEFENDANT'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE**

*2:20-cv-05495 ODW (GJSx)*

*Starr v. Baca*,
    633 F.3d 1191 (9th Cir. 2011) ............................................................... 6

*Talbot v. Robert Matthews Distrib. Co.*,
    961 F.2d 654 (7th Cir. 1992) ............................................................... 22

*Touma v. Gen. Counsel of the Regents*,
    2017 U.S. Dist. LEXIS 225604 (C.D. Cal. 2017) ................................. 8

*United States v. Johnson*,
    390 U.S. 563 (1968) ............................................................... 11

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ............................................................... 22

*Woods v. Southwest Airlines*,
    2010 U.S. Dist. LEXIS 162097 (C.D. Cal. 2010) ................................. 8

**Statutes**

14 C.F.R. § 91.3 ............................................................................................ 20

42 U.S.C. § 1981 .................................................................................... 11, 12

42 U.S.C. § 2000 ............................................................................................ 8

42 U.S.C. § 2000a ................................................................................ 7, 8, 11

42 U.S.C. § 2000a(a) ..................................................................................... 6

42 U.S.C. § 2000a(b) .................................................................................. 7, 8

42 U.S.C. § 2000a-3 ............................................................................. 8, 9, 11

42 U.S.C. § 2000a-3(c) .................................................................................. 8

49 U.S.C. § 40101(a)(1) .............................................................................. 19

49 U.S.C. § 40127 ........................................................................................ 14

49 U.S.C. § 40127(a) .............................................................................. 13, 14

49 U.S.C. § 41310 .................................................................................. 13, 14

49 U.S.C. § 41310(a) ................................................................................... 13

DEFENDANT'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE
*2:20-cv-05495 ODW (GJSx)*

49 U.S.C. § 41702 .......................................................................................... 14

49 U.S.C. § 44902 .......................................................................................... 19

49 U.S.C. § 44902(b) ...................................................................................... 19

Cal. Civ. Code § 3294(a) ................................................................................ 25

Cal. Civ. Code § 3294(b) ................................................................................ 25

Cal. Civ. Code § 51 .......................................................................................... 9

Cal. Code Civ. Proc. § 527.6 ......................................................................... 16

Cal. Code Civ. Proc. § 527.6(b)(3) ........................................................... 15, 16

Cal. Gov. Code § 12960(c) ............................................................................... 9

**Rules**

Fed. R. Civ. P. 12(b)(6) ..........................................................................1, 5, 6, 25

Fed. R. Civ. P. 12(f) ...............................................................................1, 6, 25

**DEFENDANT'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE**

*2:20-cv-05495 ODW (GJSx)*

## I.      INTRODUCTION

Plaintiffs claim they were removed from American Airlines Flight 1931 because of a flight attendant with alleged discriminatory motives. This is simply not true and the Plaintiffs' own allegations confirm that fact. Plaintiffs' created an upheaval onboard a plane about to take off. They repeatedly defied the Pilot and crew members' instructions, and ultimately refused to deplane when ordered to do so by the Pilot in Command. Ultimately, the police were required to intervene and remove the Plaintiffs from the aircraft and the flight was cancelled.  The alleged discrimination is simply a subjective addition by the Plaintiffs; a unilateral *conclusion* as to what the facts "mean" so as to justify their suit. Such a conclusion should be not only be disregarded, but is unsupported by the facts.

Plaintiffs filed the instant action alleging American Airlines was negligent and violated various anti-discrimination statutes. Plaintiffs fail to plead facts necessary to state a claim for relief under any of the six causes of action asserted therein. Instead, the First Amended Complaint is replete with repetitive, conclusory statements couched in indecent adjectives, and impermissible prayers for relief.

American Airlines moves this Court to dismiss the First Amended Complaint and each cause of action therein, pursuant to Rule 12(b)(6). In the event the entire action is not dismissed, American Airlines requests this Court strike the immaterial, impertinent, scandalous, and/or redundant allegations, and unwarranted prayer for punitive relief, pursuant to Rule 12(f) .

## II.     PLAINTIFFS' OPERATIVE FACTUAL ALLEGATIONS

On the evening of May 31, 2020, Plaintiffs boarded American Airlines Flight 1931 scheduled to depart from Los Angeles, California, and land in Phoenix, Arizona. (Plaintiffs' First Amended Complaint ("FAC"), ¶¶ 22-23.) All Plaintiffs are African American, except Natalie Epstein who is Caucasian. (FAC,  ¶¶ 24-28.)

### A. Plaintiff Aubrey Kelly Has to Check His Carry-on

Prior to boarding, Plaintiff Aubrey Kelly ("Kelly") was asked to check his

1

carry-on bag, although he contends it was confined to the proper size limitations and there was apparently "room" for carry-ons on the plane. (FAC, ¶ 35.) He also alleges that he observed Caucasian passengers bringing carry-ons onto the plane. (FAC, ¶¶ 64, 83.) Based solely on this alleged observation, Kelly concludes that American Airlines discriminated against him on the basis of his race. (FAC, ¶¶ 35, 64, 83.)

### B. Plaintiff Elgin Banks Wants a Better Seat

Plaintiff Elgin Banks ("Banks") wanted a different seat than he had purchased. While boarding, he requested to change his assigned seat to one in the front. (FAC, ¶ 37.) A flight attendant asked him to wait until boarding was complete. (FAC, ¶ 37.) Once boarding was complete, Mr. Banks allegedly observed "non-African American passengers" changing seats. (FAC, ¶ 39.) He also observed another women raise her hand to request a different seat, and a flight attendant permitted her to do so. (FAC, Exh. 1, Decl. of Elgin Banks ("Banks Decl."), p.1, ¶ 2.) Instead of raising his hand, Mr. Banks walked towards the front of the plane, and asked a different flight attendant, a Caucasian female, for a seat closer to the front of the plane. (FAC, ¶ 40; Banks Decl., p.1, ¶ 3.) The flight attendant asked him to "step back". (FAC, ¶ 42; Banks Decl., p.1, ¶ 3.) At this point, Mr. Banks apparently raised his voice the flight attendant and again requested a seat closer to the front of the plane. (FAC, ¶ 42; Banks Decl., p.1, ¶ 3.) The flight attendant asked him not to raise his voice at her, which Mr. Banks claims he was not doing.  Mr. Banks again demanded a seat closer to the front of the plane –for a third time in this encounter. (FAC, ¶ 43; Banks Decl., p.1, ¶ 3.) The flight attendant appeared agitated and instructed Mr. Banks to return to his seat. (FAC, ¶ 44; Banks Decl., p.1, ¶ 3.)

### C. The Remaining Plaintiffs Insert Themselves into the Scene and Create an Uproar on the Plane

Several minutes later, a supervising flight attendant, an African American male, approached Mr. Banks and asked him to step off the plane to discuss the issue. (Banks Decl., p.1, ¶ 3; FAC, Exh. 2, Decl. of Natalie Epstein ("Epstein Decl."), p.1,

2

¶ 3; FAC, Exh. 4, Decl. of Brandy Flowers ("Flowers Decl."), p.1, ¶ 2.) Mr. Banks refused; instead he demanded an explanation and declared his innocence in the situation. (Banks Decl., p.1, ¶ 3; Epstein Decl., p.1, ¶ 3; Flowers Decl., p.1, ¶ 2.) At this point, several other passengers—now Plaintiffs—inserted themselves into the dispute by demanding the supervising flight attendant explain why he was asking Mr. Banks to step off the plane, and accusing the *first* flight attendant of being rude. (Banks Decl., p.1, ¶ 3; Epstein Decl., p.1, ¶ 3; Flowers Decl., p.1, ¶ 2.) Now, rather than a single disruption related to a passenger attempting to switch seats, the flight attendants were faced with a rapidly escalating situation involving no less than five passengers.

Ultimately, Mr. Banks refused to step off the plane and comply with the flight crew's instructions. (Flowers Decl., p.1, ¶ 2; Epstein Decl., p. 1, ¶ 3). Faced with a progressively volatile situation, the supervising flight attendant left the scene. (Flowers Decl., p.1, ¶ 2; Epstein Decl., p. 1, ¶ 3).

Shortly after, yet another American Airlines staff member, an African American female, made a second attempt to deescalate the situation onboard the air craft, and once more asked Banks to step off the plane so the matter could be discussed. (Epstein Decl., p.1, ¶ 3.) Again, the group of passengers protested, now arguing "if [the flight attendant] felt threatened and was, as such, refusing this paying customer service, that was tantamount to racial discrimination." (Epstein Decl., p.1, ¶ 3.)

Unable to defuse the increasingly tense scenario—taking place onboard the plane and just before take-off—the third American Airlines staff member also walked away from the scene. (Epstein Decl., p.2, ¶ 1.)

**D. Plaintiffs Defy the Pilot and Crew's Instructions**

At this point the flight's departure was already delayed due to the Plaintiffs' disruption, and the Pilot was forced to intervene. The Pilot instructed all passengers to deplane the aircraft. (Epstein Decl., p.2, ¶ 1; FAC, Exh. 3, Decl. of Cynthia

3

Vassor ("Vassor Decl."), p.1, ¶ 1.) All passengers deplaned, except the Plaintiffs. The Plaintiffs remained onboard, defying the crew and now the Pilot in Command, and claimed they were not required to deplane with everyone else until they received an explanation; claiming that Mr. Banks was only asked to step off the plane due to discriminatory motives. (Epstein Decl., p.2, ¶ 1; Flowers Decl., p.1, ¶ 3.)

Consequently, and in light of the fact that Plaintiffs had now refused to comply with the not just the crew's, but the Pilot's explicit instructions to get off the Plane, it became necessary to involve the authorities. Airport Police were called, and had to escort the Plaintiffs off the plane. (FAC, ¶¶ 46-48; Banks Decl., p.2, ¶ 1; Epstein Decl., p.2, ¶ 2; Vassor Decl., p.1, ¶ 1; Flowers Decl., p.1, ¶¶ 2-3.)

**E. Plaintiffs Are Banned from American Airlines**

The Plaintiffs allege in their Complaint that the security officers informed Mr. Banks that the first flight attendant reported he had tried to sit in a first class seat; that he was refusing to comply with the flight attendant's instructions; that he raised his voice at her (specifically, that he "got loud with her"), and consequently, the flight attendant felt intimidated by his conduct. (Banks Decl., p.2, ¶ 1; Epstein Decl., p.2, ¶ 3; Vasso Decl., p.1, ¶ 1; Flowers Decl., p.1, ¶ 2.) As a result of their refusal to comply with the Pilot and crew instructions, and their refusal to deplane once instructed, Plaintiffs were ultimately banned from the flight, and from all American Airline flights. (FAC, ¶ 52; Epstein Decl., p.2, ¶ 3; Vasso Decl., p.1, ¶ 2; Flowers Decl., p.1, ¶ 4.) Flight 1931 had to be cancelled entirely. (FAC, ¶ 50; and Epstein Decl., p.3, ¶ 1.)

**F.  Plaintiffs' File Suit**

Plaintiffs filed the FAC on July 31, 2020, alleging the following causes of action against American Airlines:

(1)    Banks and Kelly allege American Airlines racially discriminated against them in violation of 42 U.S.C. §§ 2000a and 1981. (FAC, ¶¶ 57-58.)

(2)    Banks and Kelly further allege American Airlines racially discriminated

1   against them in violation of the Federal Aviation Act, 49 U.S.C. §§ 40127 and

2   41310. (FAC, ¶¶ 74-76.)

3       (3)    All Plaintiffs allege American Airlines subjected them to harassment, in

4   violation of unspecified "[f]ederal and state laws specifically prohibit[ing] any

5   harassing and seemingly retaliatory conduct." (FAC,  ¶ 95, 97-98.)

6       (4)    All Plaintiffs allege American Airlines was negligent by "failing to

7   prevent discrimination, retaliation, and harassment on Flight 1931," and for

8   "banning and not providing accommodations to Plaintiffs." (FAC, ¶¶  112-113.)

9       (5)    Finally, Plaintiffs allege American Airlines' negligence caused serious

10   emotional distress, mental anguish, and physical pain. (FAC, ¶¶ 121-122.)

11       Plaintiffs seek actual and general damages, claiming American Airlines

12   caused them to suffer physical and emotional harm, and incur medical and related

13   expenses. (FAC, ¶¶ 69-70, 87, 91, 115-117, and 120-124.) In an effort to substantiate

14   their claims for punitive relief, Plaintiffs claim American Airlines acted with intent,

15   malice and oppression, and in willful and conscious disregard of Plaintiffs' rights.

16   (FAC, ¶¶ 71, 92, 100, and 125.)

17   **III.**   **LEGAL STANDARD**

18       **A. Dismissal for Failure to State a Claim**

19       Federal Ru1e of Civil Procedure, Rule 12(b)(6), authorizes a court to dismiss

20   a cause of action or claim where the complaint fails to "state a claim upon which

21   relief can be granted." Dismissal is warranted when a complaint "lacks a cognizable

22   legal theory or sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

23   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Plaintiff must allege

24   "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

25   *Twombly*, 127 S. Ct. 1955, 1974 (2007). "The allegations made in a complaint must

26   be both 'sufficiently detailed to give fair notice to the opposing party of the nature of

27   the claim so that the party may effectively defend against it' and 'sufficiently

28   plausible' such that 'it is not unfair to require the opposing party to be subjected to

5

the expense of discovery.'" *Solyndra Residual Trust v. Suntech Power Holdings Co.*, 62 F. Supp. 3d 1027, 1038 (N.D. Cal. 2014), citing *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

In considering a 12(b)(6) motion, all material allegations are taken as true and construed in the light most favorable to Plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, a court must not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). "For a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### B. Striking Portions of the Complaint

Rule 12(f), of the Federal Rules of Civil Procedure, permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty* 984 F.2d 1524, 1527 (9th Cir. 1993), citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

## IV.   LEGAL ARGUMENT

### A. Dismissal Of Plaintiffs' First Amended Complaint Is Warranted Because Plaintiffs Fail To State A Claim Upon Which Relief Can Be Granted.

#### 1.   Plaintiffs Fail to State a Claim for Violation of 42 U.S.C. § 2000a.

Title II of the Civil Rights Act of 1964 prohibits discrimination in "places of public accommodation." 42 U.S.C. § 2000a(a). To establish a claim under Section

6

2000a, Plaintiffs must allege facts showing: (1) American Airlines is a place of public accommodation; (2) American Airlines denied Plaintiffs "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations" of American Airlines; and (3) the denial was based on Plaintiffs' race. 42 U.S.C. § 2000a; *Jeffery v. Home Depot U.S.A, Inc.,* 90 F.Supp.2d 1066, 1070 (S.D. Cal. 2000). Assuming all the factual allegations are true, both Banks and Kelly fail to allege sufficient facts to support elements of a Section 2000a claim.

a. **Airlines are not places of public accommodation.**

Plaintiffs fail to allege, nor can they establish, that airlines are places of public accommodation. Indeed, they are not, and Plaintiffs' claims pursuant to Section 2000a must be dismissed.

Places of public accommodation include any establishment with operations affecting commerce that serves the public and: (1) provides lodging to transient guests, such as an inn, hotel or motel; (2) is primarily engaged in selling food for consumption on the premises, such as a restaurant, cafeteria, lunchroom, lunch counter, or soda fountain; (3) is a place of public exhibition or entertainment, such as a motion picture house, theater, concert hall, sports arena, or stadium; or (4) is principally located within an establishment listed in this subsection and holds itself out as serving patrons of such establishment. 42 U.S.C. § 2000a(b).

Not only do airlines not fall within the categories enumerated in 42 U.S.C. § 2000a (b), but courts have routinely held they are not places of public accommodation.  (*See, e.g.*, *Huggar v. Northwest Airlines, Inc.*, 1999 U.S. Dist. LEXIS 1026, at *8-9 (N.D. Ill. 1999), "Congress did not intend to include aircraft within the meaning of a place of public accommodation;" and *Kalantar v. Lufthansa German Airlines,* 402 F. Supp. 2d 130 (D.D.C. 2005), "Among the four categories of places of public accommodation provided by Title II [...] none even remotely resembles an airline, or indeed any other vehicle or mode of transportation.")

This Court has previously adopted both *Huggar* and *Kalantar*'s refusal to

**DEFENDANT'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE**

*2:20-cv-05495 ODW (GJSx)*

extend the definition of "places of public accommodation" beyond the categories enumerated in Section 2000a(b). (*See, e.g.*, *Touma v. Gen. Counsel of the Regents*, 2017 U.S. Dist. LEXIS 225604, at *37, fn. 5 (C.D. Cal. 2017), "courts have interpreted the definition of places of public accommodation narrowly, generally adhering to the three categories outlined in the statute.") Specifically in the context of airlines, this Court in *Woods v. Southwest Airlines*, held that a "[p]laintiff's claim for race discrimination in violation of 42 U.S.C. § 2000 fail[ed] as a matter of law, as **[Southwest Airlines] is not a place of public accommodation**," and none of the categories under Section 2000a(b) "even remotely resembles an airline." 2010 U.S. Dist. LEXIS 162097, at *5-7 (C.D. Cal. 2010)(emphasis added).

Because Airlines are not places of public accommodation, Plaintiffs' discrimination claims under Section 2000a must fail—as a matter of established law—because they cannot establish the very first element of their claim.

### b.     Plaintiffs failed to satisfy pre-filing notice requirements.

Even if airlines were places of public accommodation, Plaintiffs failed to satisfy pre-filing notice requirements under 42 U.S.C. § 2000a-3(c). "[P]laintiff's complaint for discrimination cannot be brought under 42 USCS § 2000a-3 where he failed to give notice to state agency of allegedly discriminatory acts by defendants." *Harris v. Ericson*, 457 F.2d 765, 767 (10th Cir. 1972). (*See, also*, *Boyle v. Jerome Country Club*, 883 F. Supp. 1422, 1426 (D. Idaho 1995), concurring with decisions from the Seventh and Tenth Circuits, finding "failure to notify the appropriate state agency when one exists dooms a Title II plaintiff's case.") The *Boyle* court, further concluded that, although a Ninth Circuit case was not found on this issue, the Ninth Circuit would likely follow the other circuits if the issue was presented. *Id*. Other District Courts within the Ninth Circuit hold the same opinion. (*See, e.g., Dunn v. Albertsons,* 2017 U.S. Dist. LEXIS 127815, at *10-11 (D. Nev. 2017), a plaintiff must give notice to the appropriate state agency before filing suit.)

California has its own statutes prohibiting discrimination in places of public

8

accommodation. (*See*, Cal. Civ. Code § 51.) California has also created a state agency for to investigate and provide administrative remedies to aggrieved persons. (*See*, Cal. Gov. Code § 12960(c).) Thus, pursuant to 42 U.S.C. § 2000a-3 and California Government Code § 12960(c), Plaintiffs were required by law to give notice of the alleged discriminatory practice to California's Department of Fair Employment and Housing, prior to filing the present suit. Plaintiffs failed to do so, and this failure is fatal to their claims.

### c. There Are No Facts to Support a Claim that American Denied Banks Or Kelly Equal Enjoyment and Certainly No Facts to Suggest Race was a Factor

Mr. Banks' and Mr. Kelly's discrimination claims suffer from the same fatal error. That is, the facts themselves—even if taken as true—do not establish racial discrimination, or any discrimination. Instead, they reveal airline personnel attempting to resolve an increasingly tense situation, onboard a flight about to take-off, until it grew out of control and the police needed to be called. It is Plaintiffs' subjective and unilaterally *conclusions* as to what those facts mean, which brings race into the equation. The Court must disregard those conclusions and when laid bare, the true facts pleaded in this Complaint do not support Plaintiffs' claims.

Mr. Kelly, for example, contends he was the subject of racial discrimination. His sole support for such a claim is that (i) he was asked to check his carry-on bag and (ii) he observed Caucasian passengers taking carry-ons onto the plane. As an initial matter, Mr. Kelly has no *legal right* to take a bag onto the Plane, nor does he suggest he does. Moreover, on these bare facts there is no suggestion whatsoever that racial animus played a role in his checking a bag. To the contrary, that is simply Mr. Kelly's subjective, and unsupported conclusion.

Similarly, Mr. Banks contends he was discriminated against when a Caucasian flight attendant became irritated and ultimately felt intimidated by his request for a seat change, his continued efforts to obtain a better seat, and his subsequent conduct.

9

The facts, as pleaded by the Plaintiffs however, reveal a flight attendant—focused on getting the passengers safely secured—having to deal with a passenger attempting to sit in first class and becoming disruptive when he wasn't immediately accommodated. The situation escalated to the point where <u>three</u> different flight attendants (including African American flight attendants) attempted to deescalate the situation; several other passengers (and now Plaintiffs) got involved; the Pilot in Command was required to intervene and order everyone off the plane, and still, Plaintiffs refused to disembark necessitating the involvement of the police.

These facts do not, in and of themselves, suggest any racial discrimination or discrimination of any kind. To the contrary, Plaintiffs simply conclude that it *must* be racial discrimination because in the absence of such a conclusion, not only are their claims without merit, but they have themselves committed several wrongs during this process.

Airline personnel have a serious job; they are responsible for the safety of all passengers and ensuring the orderly conduct of everyone aboard the plan at all times. A passenger, black or white, is not automatically entitled to a better or different seat and they are certainly not entitled to create a "scene" onboard the plane when they do not get their way. Plaintiffs' repeated refusal to follow these safety instructions; their refusal to deplane upon the Captain's orders, and the fact police officers had to intervene to remove the Plaintiffs tell a tale of disruption; perhaps even one where the flight attendants were rude or obnoxious. Nothing in the Plaintiffs' <u>factual</u> allegations suggest, let alone establish, a claim for racial discrimination.

Plaintiffs' claims cannot stand because an airliner is not a place of public accommodation and Plaintiffs have not satisfied statutory requirements. Moreover, were Plaintiffs to surmount these obstacles, the facts themselves—when separated from Plaintiffs' self-serving conclusions about "motive"—do not and cannot establish discriminatory intent or action. Plaintiff Banks and Kelly's claims must be dismissed.

**DEFENDANT'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE**
*2:20-cv-05495 ODW (GJSx)*

### d.   Plaintiffs cannot recover damages under Section 2000a.

Plaintiffs seek relief that is legally unavailable and therefore their claim must be dismissed. Claims under Section 2000a "are to be **enforced exclusively by injunction**." *United States v. Johnson*, 390 U.S. 563, 567 (1968)(emphasis added). (*See, also, Jefferson v. City of Fremont*, 73 F. Supp. 3d 1133, 1144 (N.D. Cal. 2014), citing to 42 U.S.C. § 2000a-3 and *Newman v. Piggie Park Enters, Inc*., 390 U.S. 400, 401 (1968), "In a suit under Title II, a plaintiff cannot recover damages and may only seek injunctive relief;" and *see, Collier v. United States*, 2008 U.S. Dist. LEXIS 130744, at *8, fn. 4 (C.D. Cal. 2008), "[S]ection [2000a] does not authorize monetary relief, the only remedy sought by plaintiff.")

Plaintiffs here do not seek an injunction, only impermissible damages. Nor would Plaintiffs have standing to do so because they have not pled facts to show they are "likely to suffer future injury regarding the challenged conduct." *Jefferson, supra*, at 1144, fn. 8. Therefore, even if Plaintiffs pled the requisite factual allegations to state a claim under 42 U.S.C. § 2000a—which they have not—and even if they had satisfied pre-filing notice requirements under Section 2000a-3— which they did not—Plaintiffs' claim for damages still fails, as Section 2000a does not permit such relief.

Because Plaintiffs fail to allege facts to show race discrimination, airlines are not places of public accommodation, Plaintiffs have not satisfied pre-filing notice requirements, and damages are not recoverable for alleged violations of Section 2000a,  Plaintiffs' claims under this statute fail and must be dismissed.

### 2.   <u>Plaintiffs Fail to State a Claim under 42 U.S.C. § 1981</u>.

Inexplicably included in their first cause of action, Mr. Banks and Mr. Kelly allege American Airlines violated 42 U.S.C. § 1981. To state a claim under Section 1981, Plaintiffs' must allege facts to show the following elements: (1) Plaintiffs are members of a racial minority; (2) American Airlines intended to discriminate on the basis of race; and (3) "the discrimination concerned one or more of the activities

enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Mercer v. Southwest Airlines Co.*, 2014 U.S. Dist. LEXIS 175065, *13 (N.D. Cal. 2014), citing *Jefferson v. City of Fremont*, 2012 U.S. Dist. LEXIS 60141, 2012 WL 1534913, at *2 (N.D. Cal. 2012). In order for Plaintiffs to succeed on this claim, they have to plead and prove intentional and purposeful discrimination. *General Bldg. Contractors Ass'n v. Pa.*, 458 U.S. 375, 396 (1982). (*See, also, Arnold v. Tiffany*, 359 F. Supp. 1034 (C.D. Cal.), aff'd, 487 F.2d 216 (9th Cir. 1973), "§ 1981 is limited to providing relief in instances of racial discrimination.")

As set forth above, the facts do not support Plaintiffs' contentions that they were discriminated against at all, let alone on the basis of race. A Caucasian flight attendant telling an African American passenger to return to his seat because the flight is preparing for departure does not equal purposeful discrimination.  Likewise, having to check a carry-on bag does not and cannot establish intentional, racial discrimination, even if Mr. Kelly may have also seen a Caucasian passenger bring a carry-on onto the plane. Checking a bag is not racial discrimination; alleging that it is, is a subjective conclusion. Plaintiffs have not alleged facts, nor could they, that would  to satisfy the second element of Section 1981 claim.

In addition, from the allegations in the FAC, it is entirely unclear which part of Section 1981 American Airlines allegedly violated. Plaintiffs do not allege they were denied a right to make or enforce a contract, or that they were denied the full and equal benefit of a specified law or proceeding. Plaintiffs simply offer up Section 1981 as an amorphous, unspecified basis.

Because Plaintiffs have no actual facts to support a claim of intentional or purposeful discrimination, and failed to plead two of the three necessary elements, their claims under Section 1981 fail and must be dismissed.

/ / /

/ / /

3. **Plaintiffs' Second Cause of Action Must Be Dismissed Because There is No Express or Implied Private Right of Action Under 49 U.S.C. §§ 40127(a) and 41310(a).**

Mr. Banks and Mr. Kelly also allege American Airlines discriminated against them on the basis of race, in a "combined" violation of 49 U.S.C. §§ 40127(a) and 41310(a). (FAC, ¶¶ 73-74.)

As an initial matter, Section 41310 does not apply here. Section 41310 prohibits "unreasonable discrimination," but only in the context of "foreign air transportation"; it does not apply to a domestic from Los Angeles to Phoenix. (*See,* 49 U.S.C. § 41310(a) (emphasis added), "An air carrier or foreign air carrier may not subject a person, place, port, or type of traffic in **foreign air transportation** to unreasonable discrimination.") Plaintiffs' claim for a violation of 49 U.S.C.§ 41310(a) must be dismissed as a matter of law.

Under Section 40127(a), "[a]n air carrier […] may not subject a person in air transportation to discrimination on the basis of race […]." For all of the reasons set forth above,  Plaintiffs cannot establish such a claim, yet nevertheless, there is no express or implied private right of action for alleged violations of the Federal Aviation Act ("FAA").

The FAA's anti-discrimination statutes, "aim[] to protect the right of access to air facilities from discriminatory interference by the air carrier." *Polansky v. Trans World Airlines, Inc*., 523 F.2d 332, 335 (3d Cir. 1975). In *Polansky*, the Third Circuit examined whether a private remedy could be implied for discrimination in violation of the FAA and dismissed claims, after concluding there was "no greater interest for the development of a federal contract law for regulated air carriers than earlier courts ha[d] seen for the development of a federal tort law for regulated air carriers." *Id*., at 335-337. Citing the Supreme Court holding in *PAN AM v. United States*, 371 U.S. 296, 298 (1963), that FAA regulations "embrace only a means of vindicating the public interest and not remedies for private wrongs," the *Polansky*

13

court agreed that a private remedy under the FAA could not be implied. *Id.*, at 340.

Although it appears the Ninth Circuit has not directly addressed whether a private right of action exists for violation of Section 40127, the Northern District of California has held that "no private right of action exists under 49 U.S.C. § 40127." *Mercer v. Southwest Airlines Co.*, *supra*, at *7. This is consistent with several other District Courts. (*See, e.g., Dennis v. Delta Air Lines*, 2011 U.S. Dist. LEXIS 115951, at *26 (E.D.N.Y. 2011), citing *Mutlu v. JetBlue Airways Corporation*, 2009 U.S. Dist. LEXIS 60164, at *13 (S.D.N.Y. 2009), "[Section] 40127(a) does not confer a private right of action; see, also, *Al-Tawan v. Am. Airlines, Inc.*, 570 F. Supp. 2d 925, 931, (E.D. Mich. 2008), "plaintiffs do not have a private right of action under 49 U.S.C. § 40127" and *Elnajjar v. Northwest Airlines, Inc.*, 2005 U.S. Dist. LEXIS 36792, at *22 (S.D. Tex. 2005), "[p]laintiffs fail to establish the existence of a private right of action for violations of 49 U.S.C. §§ 41702, 41310, and 40127.")

Since there is no private right of action for alleged violations of Sections 40127 or 41310, and in addition, Section 41310 does not apply to domestic travel, Plaintiffs' second cause of action fails and must be dismissed in its entirety.

### 4. Plaintiffs Fail to State a Claim for Harassment.

Plaintiffs' third cause of action is prohibitively vague. Plaintiffs fail to identify any law, State or Federal, or specify how such a law was violated. Instead, all five Plaintiffs simply allege, generically, that "federal and state laws specifically prohibit any harassing and seemingly retaliatory conduct." (FAC, ¶ 95.)

There can be little dispute that such an amorphous, unspecified claim fails to "give [American Airlines] fair notice of what the claim is and the grounds upon which it rests." *Twombly*, *supra,* 550 U.S. 544, 555. (*See, also*, *Rosal v. First Fed. Bank of Cal.*, 671 F.Supp.2d 1111, 1135 (N.D. Cal. 2009), where a plaintiff failed to state a claim for relief where he did not identify which statute defendants allegedly violated, because "adequate notice of the particular misconduct" must be provided in order to be able to defend against.)

14

American Airlines should not be required to simply "guess" at what "federal and state laws" they are being accused of violating, let alone defend such claims. Consequently, Plaintiffs' causes of action for harassment must be dismissed.

Notably, on the facts pleaded in the Complaint, any claim for harassment would be subject to dismissal in any event. To illustrate, outside of the employment context, no federal tort claim for harassment exists. Moreover, presuming Plaintiffs had properly alleged civil harassment claims under California law the factual allegations do not satisfy California's definition of civil harassment. Under California law, harassment means "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." Cal. Code Civ. Proc., § 527.6(b)(3). In addition,"[t]he course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." Cal. Code Civ. Proc., § 527.6(b)(3).

Nothing Plaintiffs have alleged, or could allege, would remotely satisfy this definition. There are no alllegations that suggest violence or a credible threat of violence; nor any fact that would suggest a knowing and willful course of conduct that would serious alarm a person and that **serves no legitimate purpose**. *Id*., emphasis added. To the contrary, Plaintiffs assert only that they "expressed individual concerns, verbally about the disparate treatment, unjustifiable escorting off the plane, the unnecessary police and security intervention, harassment, alleged banning from American [Airlines], denial of accommodation after canceling the flight, and the denial of their ability to receive the same terms and condition of the similarly situated passengers on Flight 1931." (FAC, ¶ 96.) Plaintiffs further allege the flight attendant "verbally harassed using demeaning comments and yelling coupled with severe threats that led [Banks] to be escorted off the plane under fraudulent misrepresentations," and Plaintiffs "were subjected to harassing

15

comments and statements as well when trying to diffuse the situation." (FAC, ¶¶ 97-98.) These latter allegations are conclusions, nothing more. Simply using the word "harassment" does not state a factual claim for harassment.

Lastly, and similar to their federal claims, Plaintiffs' "presumed" claim for harassment under California law would also be subject to dismissal because Plaintiffs seek only damages, and neither allege nor satisfy the elements to seek an injunction.  Yes California's harassment statute, Section 527.6, only allows for injunctive relief. (*See, e.g., Snyder v. Fed. Home Loan Mortg. Corp.*, 2012 U.S. Dist. LEXIS 28099, at *17 (N.D. Cal. 2012), dismissing plaintiff's harassment claim for failure to allege facts necessary to meet the high standard under Section 527.6(b)(3) and holding, even if such facts were alleged, the court could not grant the request for damages.")

For numerous, independent reasons, Plaintiffs' third cause of action fails and must be dismissed.

### 5.   Plaintiffs Fail to State a Claim for Negligence.

All five Plaintiffs assert negligence claims yet they wholly fail to even identify, let alone sufficiently allege the elements or facts necessary to establish a prima facie negligence case.  . "The elements of any negligence cause of action are duty, breach of duty, proximate cause, and damages." *Peredia v. HR Mobile Services, Inc.*, 25 Cal.App.5th 680, 687 (2018).

Plaintiffs conclude, without support of any kind, that American Airlines owed them "a general duty of reasonable care as well as reasonable accommodation for a non-hostile traveling environment," and "had a legal obligation to provide an amicable and civil traveling environment." (FAC, ¶¶ 106 and 108.) They further allege, American Airlines "had a duty to use due care in facilitating the operations, conduct, and acts so as to not cause injury to others," and failed to meet that duty and protect Plaintiffs from harm. (FAC, ¶¶ 109-110.) Plaintiffs also allege American Airlines breached the duty of care by verbally attacking Plaintiffs, banning them,

16

failing to provide any accommodations, and "failing to prevent discrimination, retaliation and harassment on Flight 1931." (FAC, ¶¶ 112-113.) Finally, Plaintiffs allege American Airlines acted unreasonably under the circumstances by escorting Plaintiffs off, and banning them from, the plane. (FAC, ¶ 114.) Assuming all factual allegations are true, and recognizing the FAC does not demonstrate American Airlines verbally attacked Plaintiffs in any way, there are simply no facts to support Plaintiffs' negligence claims.

Plaintiffs have not cited any authority to support their ambiguous allegations of duty, and have left it entirely to the defense to try to identify duty, breach, causation, and damages. Plaintiffs hope, evidently, that the negligence claims will be utilized as a "catch all"; that is, if the allegations sound "bad" enough and yet they cannot establish the various requirements of their discrimination claims, they can mold such a claim into a standard negligence action.

### a. There are no facts suggesting American Airlines discriminated against, or breached a duty of care to, Plaintiff Aubrey Kelly.

Mr. Kelly, for reasons not identified in the FAC, was asked to check his carry-on bag. This does not equate to a negligence claim. There is no "duty" to ensure a passenger can take a carry-on luggage. There is no "breach" by requiring a passenger to check a bag.  There is no factual allegation as to how having to check his bag caused Mr. Kelly identifiable "harm" or damage. Moreover, none of those issues are even addressed in the Complaint.  Mr. Kelly's claim of negligence is spurious at best and must be dismissed.

### b. There are no facts suggesting American Airlines discriminated against, or breached a duty of care to, Plaintiff Elgin Banks.

Banks alleges the flight attendant refused to allow him to change his seat and was intimidated by him, solely because she is racist. Nevertheless, nothing in Banks encounter with the flight attendant suggests any discriminatory animus. Banks approached the front of the plane as it was preparing for departure and

**DEFENDANT'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE**

*2:20-cv-05495 ODW (GJSx)*

repeatedly pressed a busy flight attendant to move his seat to first class, while raising his voice toward her. Setting aside the incredible safety risk presented by Banks' conduct, the factual allegations, at most, suggest Banks encountered a rude flight attendant. Rudeness alone does not equal race discrimination or negligence, nor does it warrant outright defiance of the crew and Pilot's instructions. Like Kelly, Banks has failed to state a claim for negligence and his claim must be dismissed.

### c.  There are no facts suggesting American Airlines discriminated against, or breached a duty of care to, any other Plaintiffs.

As to the three other Plaintiffs, Cynthia Vassor, Natalie Epstein, and Brandy Flowers, the FAC is entirely devoid of any facts to suggest American Airlines breached any duty owed to them, or harassed or discriminated against them. Instead, the factual allegations, supported by Plaintiffs' sworn declarations, reveal each Plaintiff, including Mr. Kelly, simply inserted themselves into an increasingly volatile situation and, in doing so, rapidly and significantly increased the crew's safety concerns and dangerous nature of the situation onboard the aircraft. By escalating the tensions and joining the proverbial "fray," these Plaintiffs effectively left the crew with no choice but to remove all passengers for their safety and the safety of the flight crew

Not one Plaintiff has alleged any facts to show American Airlines breached a cognizable duty owed, or caused any damage to Plaintiffs as a result. Accordingly, Plaintiffs' fourth cause of action fails and must be dismissed.

### 6.  Plaintiffs Fail to State a Claim for NIED.

"Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." *Ess v. Eskaton Properties, Inc.*, 97 Cal. App. 4th 120, 126 (2002).

Plaintiffs allege, as a result of American Airlines' negligence, they suffered severe emotional distress, mental anguish and physical pain. (FAC, ¶¶ 120-121.)

18

However, because Plaintiffs' failed to state a claim for negligence, their claim for negligent infliction of emotional distress also fails. Consequently, Plaintiffs' fifth cause of action must be dismissed.

### 7.   Vicarious Liability is Not a Cause of Action.

Plaintiffs improperly list a sixth cause of action for vicarious liability. Vicarious liability is not a claim for relief, but a theory of indirect liability. Plaintiffs assert vicarious liability in an effort to make American Airlines liable for its flight attendant's allegedly wrongful conduct. As such, Plaintiffs have not stated a claim for relief and their sixth cause of action must be dismissed.

### 8.   American Airlines is Not Liable for Refusing to Transport Plaintiffs.

#### a.  Airlines have broad discretion under 49 U.S.C. § 44902(b).

Plaintiffs fail to recognize one extremely key fact in this case – **maintaining safety is the highest priority in air commerce.** 49 U.S.C. § 40101(a)(1); *Cerqueira v. Am. Airlines, Inc.*, 520 F.3d 1, 11 (1st Cir. 2008). This means American Airlines is not obligated to transport passengers or cargo that it decides is, <u>or might be</u>, a safety risk. Indeed, "an air carrier may refuse to transport a passenger or property the carrier decides is, or might be, inimical to safety." 49 U.S.C. § 44902(b).

The discretion granted to an air carrier under Section 44902 is broad, and also applies to decisions not to rebook a passenger based on safety concerns. *Cerqueira, supra*, at 12-13. "[T]he statute is an affirmative grant of permission to the air carrier," specifically authorized by Congress, and "it is the plaintiff who carries the burden to show that § 44902(b) is inapplicable." *Id.*, at 13-14. "[A]n air carrier's decisions to refuse transport under § 44902(b) are not subject to liability unless the decision is arbitrary or capricious." *Id.*, at 14; and *Shaffy v. United Airlines*, 2008 U.S. Dist. LEXIS 120983, at *13 (C.D. Cal. 2008).

Plaintiffs admit the flight attendant reported Banks was not following crew instructions. They further admit they refused to obey the Pilot and crew instructions

19

1  to deplane. Failing to obey crew instructions presents potential safety risks.

2  *Cardenas v. Am. Airlines, Inc.*, 2019 U.S. Dist. LEXIS 112925, at *16 (S.D. Cal.

3  2019), citing *Shaffy*, *supra,* at *16. Consequently, American Airlines was permitted

4  to refuse to transport and rebook Plaintiffs.

5  **b.  The Pilot determines whether to refuse transport, and a flight**

6  **attendant's allegedly discriminatory motives cannot be imputed.**

7  Even assuming, *arguendo*, the flight attendant had some internal racial bias

8  causing her to feel intimidated by the encounter with Banks, which is what Plaintiffs

9  allege, it was the Pilot in command of the aircraft, and not the flight attendant, that

10  decided not to transport Plaintiffs. "The pilot in command of an aircraft is directly

11  responsible for, and is the final authority as to, the operation of that aircraft." 14

12  C.F.R. 91.3. The Pilot did not engage with the passengers and, therefore, Plaintiffs

13  cannot allege the Pilot's decision was discriminatory.

14  Furthermore, the truth of the flight attendant's report is immaterial, as the

15  Pilot is allowed to take the flight attendant's word at face value. (*See, e.g.*,

16  *Cardenas*, *supra*, at * 17-18, "[C]ourts have routinely held that the captain or pilot

17  of an aircraft has broad discretion to rely on information of the flight crew to make a

18  determination whether a passenger poses a safety risk.") "Since the captain is in

19  command of the aircraft but he has less intimate interactions with passengers than

20  his crew, a captain of an airplane is entitled without further inquiry to rely upon a

21  flight attendant's representations." *Id*. at *18, citing *Doe v. Delta Airlines, Inc.*, 129

22  F. Supp. 3d 23, 39 (S.D.N.Y 2015). "The reasonableness of the carrier's opinion,

23  therefore, is to be tested on the information available to the airline at the moment a

24  decision is required. There is correspondingly no duty to conduct an in-depth

25  investigation […]." *Cordero v. Cia Mexicana de Aviacion, S.A.*, 681 F.2d 669, 672,

26  (9th Cir. 1982). Likewise, "[t]he biases of a non-decisionmaker may not be

27  attributed to the decisionmakers, and the pilot is entitled to rely on the information

28  provided to him by his crew despite any exaggerations or false representations."

*Cintron v. Jetblue Airways Corp.*, 324 F. Supp. 3d 248, 255 (D. Mass. 2018). "This deference to air carriers has been granted because the removal decisions are usually made on the spur of the moment, shortly before the plane takes off, and therefore without the benefit of complete and accurate information." *Cardenas*, *supra*, at *19.

The flight attendant reported Mr. Banks was not listening to instructions, tried to sit in first class, was raising his voice towards her, was not complying with crew instructions, and she felt intimidated. Shortly after the encounter, a supervising flight attendant approached Mr. Banks and asked him to step off the plane so they could discuss the issue. Rather than simply comply, Mr. Banks demanded an explanation. At which point, the other Plaintiffs interrupted the discussion, accused the first flight attendant of being rude, and caused a hostile scene. Banks refused to comply with the supervising flight attendant's requests. Minutes later, another staff member approached Banks with the same request. Again, Banks refused to comply, and Plaintiffs demanded an explanation, now arguing the first flight attendant was racist. When the encounters were reported to the Pilot, considering that, moments later, the Pilot requested all passengers to deplane. All passengers, except Plaintiffs, complied with the Pilot's instructions. While deplaning, several crew members further instructed Plaintiffs to exit. Again, Plaintiffs refused. As a result of Plaintiffs' unruly behavior and blatant defiance of the Pilot and crew members' instructions, airport police were called for assistance and had to escort Plaintiffs off the plane.

Under the circumstances, the Pilot was permitted to refuse to transport Plaintiffs. In addition, Plaintiffs have not alleged any facts to suggest the refusal was arbitrary or capricious. In fact, their allegations show the decision was completely reasonable as Plaintiffs' behavior created a safety risk. Therefore, the decision to refuse their transport is not subject to liability, no matter how Plaintiffs wish to classify the situation, and all of Plaintiffs' claims arising from said refusal must be dismissed.

/ / /

21

**B. If The FAC Is Not Dismissed Entirely, The Court Should Strike The Impertinent, Immaterial, Redundant, And Scandalous Portions Therein.**

Motions to strike may be granted "for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), citing to *California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981).

"Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). "Superfluous historical allegations are a proper subject of a motion to strike." *Fantasy, Inc. v. Fogerty* 984 F.2d 1524, 1527 (9th Cir. 1993), citing to *Healing v. Jones*, 174 F. Supp. 211, 220 (D. Ariz. 1959). (See also *Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988), Superfluous descriptions, including "repugnant words replete with tragic historical connotations," are not elements of a claim and, "[a]s such, they have no place in pleadings.")

Plaintiffs begin their factual allegations by alleging "this is a case of pervasive discrimination whereby [American Airlines] reprehensibly and repetitively violated several well established discrimination laws." (FAC, ¶ 19.) They further allege "well-known principles" for customer service and human interactions, and claim "this is a case of the vice versa of these two principles." (FAC, ¶¶ 20-21.) These first few paragraphs are simply not relevant to any of the causes of action, and appear

///

///

**DEFENDANT'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE**

*2:20-cv-05495 ODW (GJSx)*

intended for no other reason than to condition the court and prejudice American Airlines. These allegations, like so many others, are immaterial, impertinent, and/or scandalous, and should be stricken as a result.

Further examples of improper pleading are demonstrated throughout Paragraphs 29-34, which also have no relation to the causes of action asserted. Most notably, Plaintiffs reference COVID-19 and the murder of George Floyd. (FAC, ¶ 29.) Plaintiffs go on to mention the character and background of Banks and Kelly. (FAC, ¶¶ 30-31.) None of this information has any relevance to the case at hand. Likewise, Plaintiffs' expectations of a "relaxing safe experience" or their unfounded characterization that the flight "quickly became a horrendous racially discriminating environment," is equally impertinent. (FAC, ¶¶ 33-34.) Furthermore, Paragraph 32 is nothing more than a repeat of Paragraph 23 and such redundancies should also be stricken.

The FAC is filled with repugnant adjectives and characterizations that have no place in a pleading before a court; *e.g.* claiming the flight attendant was a "vile" person. Plaintiffs also needlessly repeat conclusory allegations, despite incorporating the same by reference under each cause of action. Accordingly, should Plaintiffs' claims not be dismissed entirely, American Airlines respectfully requests the following matters be stricken from the FAC:

| Paragraph No(s). | Grounds to Strike |
|---|---|
| 19-21, 29-31 | Scandalous, immaterial, and/or impertinent |
| 32 | Redundant (repeats paragraph 23) |
| 33-34 | Scandalous, immaterial, and/or impertinent |
| 35 (last sentence) | Scandalous and redundant |
| 36 | Scandalous and redundant |
| 44-45 | Terms such as "vile," "audacity," and "demeaning" Scandalous, immaterial, and/or impertinent |

DEFENDANT'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE
*2:20-cv-05495 ODW (GJSx)*

| 49, 51-52, 59 | Scandalous, immaterial, and/or impertinent |
| 62 | Redundant (repeats paragraphs 23, 24, and 28) |
| 63-66, 67, 71, 76-77 | Scandalous and unsupported by the factual assertions |
| 78-79 | Redundant (repeats paragraphs 60 and 61) |
| 80 | Redundant (repeats paragraphs 23, 24, 28, and 62) |
| 81-82 | Scandalous and unsupported by the factual assertions |
| 83-84 | Redundant (repeats paragraphs 64 and 65) |
| 88-90, 92, 97-100 | Scandalous and unsupported by the factual assertions |
| 104 | Redundant (repeats paragraphs 60 and 61) |
| 105 | Redundant (repeats paragraphs 23, 32, and 33) |
| 110, 112-117, 119-125 | Scandalous and unsupported by the factual assertions |
| 127-128 | Redundant (repeats paragraphs 60 and 61) |
| 129-136 | Scandalous and unsupported by the factual assertions |

**C. The Facts Alleged Do Not Entitle Plaintiffs To Punitive Relief.**

Motions to strike may be used when a plaintiff pleads an improper remedy. (*See, e.g.*, *Rodeo Realty v. Santangelo*, 2012 U.S. Dist. LEXIS 202611, at *11-12 (C.D. Cal. 2012), striking damages from a complaint, where "[p]rivate litigants that seek relief under a UCL claim are limited only to restitution or injunctive relief.") Plaintiffs do not itemize their prayer for relief for each cause of action, nor for each Plaintiff. Regardless, based on the factual allegations, Plaintiffs are not entitled to punitive relief for any one of their causes of action.

Regarding Plaintiffs' federal claims, "[p]unitive damages over and above actual injury are awardable if the defendant acted wantonly, or oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations." *Archibald v. Pan American World Airways, Inc.*, 460 F.2d 14, 16 (9th Cir. 1972).

/ / /

**DEFENDANT'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE**

*2:20-cv-05495 ODW (GJSx)*

As for Plaintiffs' state law claims, "in an action for breach of an obligation not arising from a contract," punitive damages may be recovered only "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). An employer is not liable for punitive damages without "advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others, ratified the wrongful conduct," or "was personally guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(b); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1480 (C.D. Cal. 1996).

Plaintiffs have failed to allege any facts that would suggest their removal from Flight 1931 was the result of any discriminatory motive, malice, or any other basis for punitive damages. Therefore, even if Plaintiffs could state a claim for relief, punitive remedies are not warranted.

## V.   <u>CONCLUSION</u>

In light of the foregoing, American Airlines respectfully requests this Court dismiss the FAC and each cause of action asserted therein, pursuant to Rule 12(b)(6). As Plaintiffs' have already sworn to the facts, and the facts do not give rise to a claim, Plaintiffs should not be granted leave to amend.

In the event the entire FAC is not dismissed, American Airlines respectfully requests this Court strike the immaterial, impertinent, scandalous and/or redundant allegations from the FAC, as well as the unwarranted prayer for punitive damages, pursuant to Rule 12(f).

Dated: August 13, 2020

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: */s/ Patrick J. Kearns*
    Patrick J. Kearns, Esq.
    Sarena Kustic, Esq.
    Attorneys for Defendant,
    AMERICAN AIRLINES GROUP, INC.,
    dba AMERICAN AIRLINES

25