Theida Salazar (SBN 295547)
LAW OFFICES OF THEIDA SALAZAR
2140 North Hollywood Way, #7192
Burbank, California 91510
T: 818.433.7290
F: 818.436.4009
*salazarlawgroup@gmail.com*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELGIN BANKS, an Individual; NATALIE; EPSTEIN, an Individual; BRANDY FLOWERS, an Individual; CYNTHIA VASSOR, an Individual and AUBREY KELLY, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES GROUP, INC. dba AMERICAN AIRLINES, a Delaware Corporation; DOE DEFENDANTS 1-20, inclusive<br><br><br>Defendants. | **Case No.:** 2:20-cv-05495 GW (GJSx) |

## PLAINTIFFS' OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

**TABLE OF CONTENTS**

I.   INTRODUCTION.......................................................................................   5

II.   FACTUAL BACKGROUND.....................................................................   7

III.   LEGAL STANDARD……………………………………………...…….....................   11

    A.  MOTION TO DISMISS…………………………………….……..…………………....11

    B.  MOTION TO STRIKE…………………………………………..……………….…...13

IV.   LAW & ARGUMENTS.............................................................................14

    A. ALL OF THE PLAINTIFFS' CLAIMS ARE VIABLE…………………………………...…14

        1.   Plaintiffs' Discrimination Claim Should Survive 42 U.S.C. §2000...…………...15

        2.   Plaintiffs' Racial Discrimination Claim Succeeds 42 U.S.C. §1981………........17

        3.   Plaintiffs' Claims Pursuant to 49 U.S.C. §§4017(a) and 41310(a) Are Viable…19

        4.   Plaintiffs'' Harassment Claim Meets Necessary Elements………….………......20

        5.   Plaintiffs' Negligence Claim Succeeds…………………………….………….....22

        6.   Plaintiffs' NIED Survives…………………………………………………………....25

        7.   Vicarious Liability Is Indeed A Federal Cause Of Action…………………....…27

        8.   American Airlines Are Definitely Liable For Refusal To Transport That Is
           Overtly Discriminatory…………………………………………………….…...28

    B. PLAINTIFFS' FAC SHOULD NOT BE STRICKEN…………………………................ 30

    C. PLAINTIFFS' PUNITIVE DAMAGES SHOULD NOT BE STRICKEN…………………...… 34

V.   CONCLUSION.........................................................................................   38

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

## TABLE OF AUTHORITIES

**Cases**

Atlanta Motel v. United States (1964) 379 U.S. 241, 252-253................................... 15-16

Brown v. Gore, No. 12-CV-1938-MMA(BGS) (SD Cal. 2012) .................................. 27

Citizens to Preserve Overton Park, Inc. v. Volpe, (1971) 401 US 402 ................................ 29

Colaprico v. Sun Microsystems, Inc., (1991) 758 F.Supp. 1335, 1339……..…………….….......31

Conley v. Gibson, (1957) 355 U.S. 41, 45-46,78 ................................................. 6,11

De La Cruz v. Tormey, (1978), 528 F.2d 45, 48. ............................................... 11-12

Doe v. United States, (2005) 419 F.3d 1058, 1062........................................................ 6

Dubner v. City and County of San Francisco, (2001) 266 F.3d 959, 969 .................................. 34

Enesco Corp. v. Price/Costco, Inc., (1998)146 F.3d 1083, 1085....................................... 6

Fantasy, Inc. v. Fogerty, (1993) 984 F.2d 1524, 1527 .................................................. 13

Ganim v. Smith & Wesson Corp., (2001) 258 Conn. 313, 326. ................................... 11

Gilligan v. Jamco Dev. Corp., (1997) 108 F.3d 246, 249 ............................................. 6

Goddard v. Grand Trunk Ry., (1869) 57 Me. 202, 223-24 ........................................ 28

Gudarov v. Hadjieff, (1952) 38 Cal. 2d 412, 416…………………………………………….........35-36

Henderson v. Security National Bank (1977) 72 Cal. App. 3d 764, 772................................ 36

Marroquin v. Helen, No. C 12-617 SI (pr)(ND Cal. 2012). ........................................ 27

McLachlan v. Bell, (2001) 261 F.3d 908, 909............................................................ 6

Mendoza v. City of Los Angeles (1998) 78 Cal.Rptr.2d 525, 529 ................................ 22

Molien, supra, 27 Cal.3d at p. 928 ........................................................................ 26

Ngo v. Reno Hilton Resort Corp. (1998)140 F.3d 1299, 1302.................................... 34

Perez v. United States (1971) 402 US 146, 153 ...................................................... 15-16

Rennie &Laughlin, Inc. v. Chrysler Corp., (1957) 242 F.2d 208, 213 ........................ 12

Rodrigues v. State (1970) 472 P.2d 509, 520............................................................ 26

Rowland v. Christian (1968), 443 P.2d 561…………………………………………………..22

Sidney–Vinstein v. A.H. Robins Co., (1983) 697 F.2d 880, 885 ................................ 31

Smith's Food & Drug Centers, Inc. v. Bellegarde, (1998) 958 P.2d 1208........................ 28

Smith v. Wade, (1986) 461 U.S. 30,55-56............................................................ 34

Swierkiewicz v. Sorema NA, (2002) 534 US 506, 508 ............................................ 12

Taylor v. List, (1989) 880 F.2d 1040, 1045.......................................................... 27

Wattenbarger v. Cincinnati Reds, Inc. (1994) 28 Cal.App.4th 746, 751 ........................ 22

Whittlestone, Inc. v. Handi-Craft Co., (2010) 618 F. 3d 970, 974 .............................. 13

Wolfe v. Strankman, (2004) 392 F.3d 358, 362 ...................................................... 6

Wong v. Jing, (2010) 189 Cal. App. 4th 1354, 1376......................................... 25-26

*(Continued)*

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

## Statutes and Codes

Cal. Civ. Code §§3294(a)…….........................................................................35-36
Fed. Rule 8(a)(2)…….................................................................................................12
Fed. Rule 12(b)(1).....................................................................................................11
Fed. Rule 12(b)(6)…….................................................................................5-4,11,38
Fed. Rule 12(f)……......................................................................................5,13,30,32,38
42 U.S.C. §1981........................................................................................................17-19
42 U.S.C. §2000(a).....................................................................................................15-17
49 U.S.C. §40127........................................................................................................19-20,29
49 U.S.C. §41310…….................................................................................................19-20,29
42 U.S.C. §44902(b)……...........................................................................................29

## Articles and References

ABA Private Right Article……....................................................................................19-20
Black's Law Dictionary …….......................................................................................20
Loyola University Chicago Law Journal Article.........................................................19

## Website

www.courts.ca.gov......................................................................................................20

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

COMES NOW, Plaintiff, ELGIN BANKS, NATALIE EPSTEIN, BRANDY FLOWERS, CYNTHIA VASSOR and AUBREY KELLY (collectively "Plaintiffs") by and through his attorney of record, THEIDA SALAZAR, ESQ., of the law firm LAW OFFICES OF THEIDA SALAZAR hereby submits their Opposition to Defendant's Motion to Dismiss and Motion to Strike pursuant to Federal Rules of Civil Procedure 12(b)6 and 12(f). Plaintiffs vehemently opposes the Defendant's Motion to Dismiss as Defendant is, unmeritoriously, attempting to Dismiss Plaintiffs' First Amended FAC in a desperate effort to prevent itself from any accountability as well as any and all liability for its despicable and discriminatory behavior in this matter. Moreover there is no true and real basis for the Motion to Strike other than the removal of descriptive claims used in the First Amended FAC.

This Opposition to the Defendant's Motion to Dismiss and Motion to Strike is made based upon the attached points and authorities, paper, and pleadings on file herein, as well as any oral argument deemed necessary.

## **POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION**

### **I.    INTRODUCTION**

Through this Opposition, Plaintiffs challenges the Defendant's Motion to Dismiss pursuant to the Federal Rules of Civil Procedure 12(b)6 and Motion to Strike pursuant to Federal Rules of Civil Procedure 12(f). In the instant matter, the grant of a dismissal in favor of the Defendant is improper. The grant of striking portions of the First Amended FAC purely based on the Defendant dislike of certain terms and statements is unmeritorious. Defendant, solely, seeks a dismissal based on 12(b)6 grounds by insufficiently asserting that First Amended FAC is legally inadequate and fails to state any viable claims. Plaintiffs wholeheartedly disagree with the Defendant's statements regarding the viability of the claims.

Defendant's position is unmeritorious for a 12(b)6 motion and lacks substantial support to satisfy the 12(b)6 rigorous standard. Further, Defendant's request for a motion to strike is based on frivolous argumentation regarding words and phrases used within the First Amended FAC ("FAC") which definitely fails to meet the standard to grant said motion. Plaintiffs' Opposition to the Defendant's Motion to Dismiss and Motion to Strike will provide both facts and legal arguments that support Plaintiffs' contention that the FAC in the above-entitled matter states and actionable claims, which entitles Plaintiffs and each of them, to relief from the Defendant. Plaintiffs have undoubtedly established a prima facie case for the disastrously discriminatory flight on American Airlines.

If a court elects to resolve a fact-based Rule 12(b)6 motion, it must accept the factual allegations of the FAC as true. *Wolfe v. Strankman*, (2004) 392 F.3d 358, 362. In this case, the contentions presented by the Defendant are legal matters that the Court must answer by examining the governing case law and statutes. *McLachlan v. Bell*, (2001) 261 F.3d 908, 909. Motions to Dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)6 are viewed with disfavor, and, accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp.*, (1997) 108 F.3d 246, 249 (citation omitted). Again here, Plaintiffs requests that this Honorable Court, denies Defendant's alleged entitlement to the dismissal of each cause of action; thus the entire case.   In deciding a motion to dismiss, the court must accept as true the allegations of the FAC and draw reasonable inferences in the Plaintiffs' favor. *Doe v. United States*, (2005) 419 F.3d 1058, 1062. Inquiry into the adequacy of the evidence is improper. *Enesco Corp. v. Price/Costco, Inc*., (1998)146 F.3d 1083, 1085. A court may not dismiss a FAC "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, (1957) 355 U.S. 41, 45-46. Plaintiffs, also, state that Defendant lacks a legal basis to receive a grant to strike the FAC.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

This Opposition to the Defendant's Motion to Dismiss and Motion to Strike is made based upon the attached memorandum of points and authorities, and upon such oral arguments and documentary evidence, as well as any oral argument deemed necessary. Defendants, now, rather than answering the FAC, needlessly, file a request for a dismissal of the all the claims in this case despite the proper pleading for each claim and cause of action which provides proper notice for a response.  Then simultaneously Defendant request a motion to strike primarily based on nonsensical assertions and the dislike of certain "indecent" adjectives which is wholly improper for a motion to strike. In this case, Plaintiffs has undoubtedly established a prima facie case for their claims contrary to the Defendant's contrarian interpretations of the FAC. Therefore, this Court should deny Defendant's Motion to Dismiss and Motion to Strike in its entirety.

## II.   <u>FACTUAL BACKGROUND</u>

This case involves egregious, despicable, and certainly discriminatory conduct coupled with bigotry acts that were instigated and administered by the Defendant, its staff and employees. This matter is a pervasive discrimination case whereby Defendant reprehensibly and repetitively violated several well-established discrimination laws. Plaintiffs' will provide Defendant and this Honorable Court with a recitation of the pertinent facts of this case. This is a serious case of public racism that should not be swept under the rug so that it can become a repetitive allowance of discrimination on public aircrafts. This recitation of the factual background includes the plain stated facts in the FAC verbatim which are supported by verification and affidavits for each Plaintiff.

This matter pertains to the American Airlines Flight 1931 ("Flight 1931") departing Los Angles California on Sunday, May 31, 2020 around 7:45pm routed to arrive in Phoenix, Arizona. Furthermore, Plaintiffs, Elgin Banks, Natalie Epstein, Brandy Flowers, Cynthia Vassor and Aubrey Kelly were all onboard for American flight 1931. Plaintiffs are as follows: Elgin Banks is an African-American male; Natalie Epstein is a

Caucasian female; Brandy Flowers is an African-American female; Cynthia Vassor is an African-American female and Aubrey Kelly is an African-American male. Well known to the country, this flight was during a very contentious and concerning time given the existence of COVID-19 and the murder of George Floyd.

Elgin is a kind, gentle African-American man that was simply on the flight to return back home after staying in Los Angeles for a few weeks with his family for bereavement purposes. Aubrey was an equally gentle and peaceful African-American male that is a third year medical student at UCLA. Plaintiffs, Natalie, Brandy and Cynthia were also onboard Flight 1931 returning to Phoenix, Arizona. As the Plaintiffs boarded Flight 1931, each Plaintiff anticipated a relaxing safe experience however that did not occur on May 31, 2020.

Flight 1931 quickly became a horrendous racially discriminatory situation. Moreover, American racially discriminated against Aubrey prior to his boarding by unnecessarily forcing him to check his carry-on bag without any justifiable or legal cause; as there was room for carry-ons on Flight 1931 and Aubrey's bag complied with the proper sizing for the carry-on; thus the refusal was racially motivated from the outset. To add insult to this discrimination Aubrey witnessed other people of a different race being allowed to carry bag on the place.  Aubrey was treated disparately.

Unfortunately, the discriminatory practices continued and escalated, as once onboard Flight 1931 Plaintiffs engaged in a serious discrimination and retaliation situation. As Elgin boarded Flight 1931, he politely requested if the flight was full and if he could change seats if open seats where available; an American flight attendant assured that he could change seats when the pilot states that "boarding is complete".  Abiding by the statement conveyed to him, Elgin waited for the pilot's announcement that the boarding was complete. Given the prior communication with the flight attendant staff member, when the pilot stated boarding was complete, several non-African American Caucasian passengers changed seats freely.

LAW OFFICES OF THEDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

Recognizing that he now had the opportunity to change seats, Elgin requested permission from the Caucasian flight attendant to get a closer seat toward the front of the airplane (not a first-class seat at all). Elgin specifically stated, "excuse me, I asked for a seat earlier and I see you moving people so I wanted to know if I could get a closer seat." The flight attendant replied "sir, step back", in an aggressive and rudely intimidating tone. Elgin numbly replied, "okay ma'am, all I was asking is if I could get a seat closer to the front." The flight attendant then responded "sir, you don't have to raise your voice" then Elgin replied, "I didn't raise my voice ma'am; I was just asking if I could get a seat closer." Despite Elgin's respectful and humbled request, the vile flight attendant had the audacity to state "sir go sit down" and Elgin returned to his seat.

Thereafter, for some unbeknown reason, the flight attendant called airport security as well as airport police and conveniently after causing, instigating and amping-up this demeaning situation she disappeared from the incident as well as other staff members. Needless to say, subsequently, security came upon the plane and forced Elgin to exit the plane, despite the overt statements of passengers that Elgin did nothing wrong in the situation.  In solidarity to the racial discrimination presented before them, Plaintiffs, Aubrey, Natalie, Brandy and Cynthia were escorted off as well as each of them were witnesses advocating for Elgin.

Furthermore, appallingly when exiting the plane Plaintiffs were greeted by 20 police offices as if they were criminals. To add insult to injury, the flight attendant made ridiculous falsities about what occurred on Flight 1931. She stated Elgin was trying to sit in first class which was a perjurious lie. Most egregiously, the flight was subsequently cancelled and American offered accommodations for the Caucasian customers yet not for the African-American who were all escorted off the flight because of their solidarity against the discriminatory practices of American's denial of accommodations.

 Most importantly, security personnel stated to Plaintiff Cynthia "[w]hy would you want to fly with an airline that doesn't want you on their plane?" that remark in and of

itself provides sufficient evidence of the discrimination in this case. Even more disgustingly, American has the audacity to claim that all the Plaintiffs' were banned from travel on its airline which demonstrated the racial discrimination alleged herein. It is clear Elgin did nothing wrong in this instance; he did not violate any law, airline policy nor FAA policy during this matter.  (*see Exhibit 1*) It is clear that none of the Plaintiffs did nothing wrong in this instance; they did not violate any law, airline policy nor FAA policy during this matter. (*see Exhibit 1-5*) Thus, in order to receive recompense and true justice, Plaintiffs are filing this lawsuit.

More specifically, discrimination is primarily based on disparate treatment which at least two of the Plaintiffs endured on this American Airline Flight 1931.  To be very clear, Defendant stated that the entire situation rapidly escalated and Plaintiffs agree the situation escalated when the flight attendant overreacted then had the audacity to call officers after Elgin returned to his original seat.  So any escalation was due to the flight attendant's racist hysteria. Most importantly, when an entire flight of passengers disagrees with you discriminating customer service the goal would be to properly correct the situation rather than being stubbornly committed to the continuance of the erred discriminatory acts.  It is clear that both parties have conflicting interpretations of the Plaintiffs' declarations.  However, the fact remains that the Plaintiffs and each of them were appalled by the discrimination that occurred on Flight 1931.

It is absurdly astounding that Defendant contends that FAC is improper and lacks any evidence of discrimination. In the case at bar, the FAC states actionable claims to defeat Defendant's Motion to Dismiss and Motion to Strike.  Furthermore, discovery has not commenced, and adequate exchanges have not occurred in this matter. Thus, Plaintiffs bring the foregoing Opposition to Defendant's Motion to Dismiss and Motion to Strike on the basis that FAC in the instant case, states a valid claim against the Defendant upon which relief can be granted. The claims within FAC are not conclusory and provide Defendant with sufficient notice of the claim alleged against it. Additionally,

the request to strike the FAC is unnecessary and is requesting striking adjectives and statements that are essential to this case. Therefore, this Court should preclude Defendant's alleged entitlement to a dismissal of this entire case as well as any striking of the same.

## III.   **LEGAL STANDARD**

### A. **MOTION TO DISMISS**

Defendant's theory in support of its alleged entitlement to a dismissal is solely based on 12(b)6 argumentation. As mentioned herein, *Federal Rules of Civil Procedure*, Rule 12(b)(1) ("*FRCP* 12(b)1") governs Defendants' contentions that rather than filing an answer the have the right to file a motion to dismiss. Furthermore, *FRCP* 12(b)(1) motion may be either "facial, confining the inquiry to the allegations in the FAC, or factual, permitting the court to look beyond the FAC." Additionally, "[i]t is well-established that in ruling upon whether a FAC survives a motion to dismiss, a court must take the facts to be those alleged in the FAC, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." *Ganim v. Smith & Wesson Corp.*, (2001) 258 Conn. 313, 326.

Defendant's theory in support of its alleged entitlement to a dismissal is solely based on 12(b)(6) argumentation. Courts state, "a FAC should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De La Cruz v. Tormey,* (1978), 528 F.2d 45, 48 (citing *Conley v. Gibson,* (1957), 355 U.S. 41, 45-46, 78). Most importantly, "a FAC should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* Here, Defendant alleges entitlement to a dismissal under the guise that Plaintiffs' FAC is fails under the law and is conclusory; this argumentation

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

is erroneous in this case. However, this Court denial of Defendant's request for a dismissal is proper because Plaintiffs "[are] entitled to proceed beyond the threshold in attempting to establish [their claims." *Id.* When viewing the allegations of the FAC in the Plaintiffs favor, they have satisfied the requirement to preclude Defendant's Motion to Dismiss.

Most notably, contrary to the Defendant's assertions, the High Court has established "that a FAC need not include such facts and instead must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." [pursuant to] Fed. Rule Civ. Proc. 8(a)(2)." *Swierkiewicz v. Sorema NA*, (2002) 534 US 506, 508. Nonetheless, Plaintiffs further assert that the FAC indeed satisfies the elements necessary to establish a prima facie case for each claim. Moreover, "the primary objective of the law is to obtain a determination of the merits of any claim; and that a case should be tried on the proofs rather than the pleadings." *Rennie &Laughlin, Inc. v. Chrysler Corp.*, (1957) 242 F.2d 208, 213. In the instant matter, the Defendant has not answered, parties have made no adequate exchanges, no discovery procedures done, or any other motions and pleadings, therefore a dismissal solely based on the FAC is inappropriate in this instance. Here, "[a dismissal] cannot take the place of submission of evidence and findings of fact and conclusions of law." *Id.* Thus, warranting, a preclusion of the dismissal which the Defendant seeks herein.

Defendant, now, asserts that the Plaintiffs' claims for discrimination and unfair treatment fail under the law. However, Plaintiffs rebut said argumentation because Defendant seeks to dismiss all claims, essentially the entire case in an effort to avoid accountability and responsibility for its insipid actions. Plaintiffs declare that, in the event they are allowed to proceed beyond the threshold to establish the claims this Court and the jury will rule in their favor against the Defendant due to the abhorrent behavior.

Most assuredly, Plaintiffs are confident that the allegations articulated in the FAC "if accepted by the trier of fact would entitle…relief." *Id.* Plaintiffs attest that the

aforementioned claims within the FAC are sufficient.  Moreover, in this instant matter, this one certainly sufficient legal claim, entitles the Plaintiffs to relief.  Thus, Plaintiffs ask that this Court deny Defendant's Motion to Dismiss in its entirety; it is simply too premature.

### B.  <u>MOTION TO STRIKE</u>

Plaintiffs agrees that Defendant has the right to file a motion to strike if said motion is necessary. Moreover, pursuant to *Federal Rules of Civil Procedure* ("*FRCP*") 12(f) specifically states in part,

> "the court may, upon a motion…(a) [s]trike out any irrelevant, false, or improper matter inserted in any pleading (b) [s]trike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court."

Further Federal Court cases supports the legal principle

> "that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.' 'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'"

*Whittlestone, Inc. v. Handi-Craft Co.*, (2010) 618 F. 3d 970, 974 (citing *Fantasy, Inc. v. Fogerty*, (1993) 984 F.2d 1524, 1527.   Here, Plaintiffs state that Defendant's argumentation for striking fails to demonstrate that the requested striking are irrelevant, false or improper matter thus negating the desired grant to strike the FAC. Defendants improperly seek to strike what it deems immaterial and irrelevant however contends that the statements are neither redundant nor irrelevant to this case thus requiring a denial of the motion to strike the FAC.

In this case, the FAC contains material allegations as below-mentioned herein. Moreover, Defendant simply wants to strike any and everything that can possibly demonstrate unprofessionalism and the horrendous discriminating behavior against the

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

Plaintiffs. These types of actions are very contrary to everyday human decency. If the Court grants Defendant's Motion to Strike material allegations, causes of actions and simple adjectives said decision would leave Plaintiff's claims void and factually insufficient which inevitably would lead to an outright dismissal of the entire case. To be frank parts of request for striking are simply nonsensical given the nature of this lawsuit. Understanding the notion of liberal pleading, good faith and fair play, Plaintiffs request that this Court after reading the law and arguments contained herein, will deny the Defendant's Motion to Strike.

## IV.  LAW AND ARGUMENTS

### A.  ALL OF THE PLAINTIFFS' CLAIMS ARE VIABLE

Defendant asserts that the Plaintiffs claims are invalid and insufficiently plead. Defendant, then, asserts a deprivation of the required fair notice, which hinders Defendant's ability to respond.  These contentions lack luster and are unmeritorious. Plaintiffs have made specific legal allegations, which provide factual support and strong inferences to establish each articulated claim stated against the Defendant.  Defendant seek additional factual information despite the early stages if litigation. Moreover, Defendant seeks any and every reasoning to avoid responsibility for their discriminatory actions which are very prevalent nationwide. Defendant's requests and arguments are better suited for a summary judgment motion after discovery has commenced in this case. Here, Plaintiffs have made factual allegations that support each claim.   Furthermore, Defendant selects and focus on a few paragraphs of a 137 paragraph FAC.

It is well known that judicial efficacy and court systems promote short plain statement demonstrating that the Plaintiffs are entitled to relief.  Plaintiffs, in fact provided as short and plain of statement as possible, despite the length. Plaintiffs are sure that a FAC of longer length would have been rejected by the Court as excessive. Nonetheless, when reading the general allegations coupled with the individual cause of

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

action(s), Plaintiffs have certainly sufficiently pleaded claims, which survive a dismissal. In this case, Plaintiffs allege six viable claims against the Defendant which include: (1) race discrimination, (2) discrimination violations, (3) harassment, (4) negligence, (5) negligent infliction of emotional distress and (6) vicarious liability. Defendant seeks to dismiss all of the six claims in this case under the preposterous stance that Defendant cannot be sued for racial discrimination as if it is insulated from discriminatory prosecution thereby giving them a free for all discrimination play field in the air. This notion is a complete disrespectful reversal of every known civil rights law known to every human being worldwide. Therefore, this Court should deny Defendants' Motion to Dismiss and Motion to Strike in its entirety or in the alternative grant Plaintiff leave to amend.

**1. Plaintiffs' Race Discrimination Claim Survives Pursuant To 42 U.S.C. §2000**

Plaintiffs Elgin and Aubrey's claim for race discrimination should survive. Plaintiffs Elgin and Aubrey agree that normally that airlines and airports are insulated from the application of 42 U.S.C. §2000(a) due to the precedent that airplanes and airports are not public accommodations. Although, this law is established precedent, Plaintiffs collectively and wholehearted disagree with the exception made for airlines and airports for these reasons briefly mentioned herein.

First, the public accommodation theory and law was established approximately more than 50 years ago with this specified intent,

> "our people have become increasingly mobile with millions of people of all races traveling from State to State,…Negroes in particular have been the subject of discrimination in transient accommodations, having to travel great distances to secure the same; . . . often they have been unable to obtain accommodations and have had to call upon friends to put them up overnight . . . and . . . these conditions had become so acute as to require the listing of available lodging for Negroes in a special guidebook…"

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

*Perez v. United States* (1971) 402 US 146, 153 (citing *Atlanta Motel v. United States* (1964) 379 U.S. 241, 252-253). The intent of the law was to protect individuals from discrimination in public places; essentially places where the public can utilize said accommodation which includes transportation. During the times that public accommodations were though of airplane and airports were definitely not as prevalent as they are in this moment and time. Moreover, it is very uncommon for people to use aircraft for travel and definitely uncommon for as indicated above the Negro. This study of the time of the law establishes a reasoning behind the exception for the airlines and airports as a public accommodation.

Moreover, 42 U.S.C. 2000, *et. seq*, is the prohibition against discrimination or segregation in places of public accommodation. 42 U.S.C. 2000(a) states with the statement of equal access, "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." Moreover, 42 U.S.C. 2000 *et. seq*, lists public accommodations. Plaintiff state that although airlines at this time proffer buying food while flying as well as movie entertainment which are arguable points to establish that an airline and airport are public accommodations, Plaintiffs Elgin and Aubrey assert that airlines and airports should be included in the transportation portion of 42 U.S.C. 2000, *et. seq*, because the airlines and airports, akin to trains and buses and other transportation that is under the civil rights act laws should bear the same weights as all other entities that must abide within the non-discriminatory guidelines. This is discrimination modus operandi of American Airlines is far beyond what this group of Plaintiffs has experienced.

Plaintiffs Elgin and Aubrey proffer that American Airlines has a pervasive discriminatory record far beyond the average airline. American airlines records submitted and attached hereto demonstrate that this particular airline has nationwide

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #792
BURBANK, CALIFORNIA 91510

issues with race discrimination that has been allowed to remain untamed and unchecked which allows the discrimination to prevail and continue to exude in each and every flight. There has to be appoint where this type of discrimination in the air must stop, end and cease with more than just a lawsuit and settlement of the same.  It is time to use the law to eradicate discrimination on airlines. Plaintiffs desire that American Airlines be fined required to undergo further discrimination training from CEO down to every employee because these situation are relentlessly occurring on a frequent basis. However, Plaintiffs Elgin and Aubrey will remove 42 U.S.C. 2000 if the Court requires said removal.  Yet, Plaintiffs Elgin and Aubrey request that this Court deny Defendant's request to a dismissal of the 42 U.S.C. 2000 claim.

**2.   Plaintiffs' Racial Discrimination Claim Succeed Pursuant To 42 U.S.C. §1981**

Plaintiffs assert that the Race discrimination claim is successfully plead when coupled with the elements and facts herein.  The Civil Rights Law codified as 42 U.S.C. §1981 states,

> "*[a]ll persons* within the jurisdiction of the United States shall *have the same right* in every State and Territory to make and enforce contracts, *to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens*…" (emphasis added)

Here, it is clearly and plainly stated that all persons in the United States of America have the same rights as whites meaning we are all equal.  Moreover, 42 U.S.C. §1981, requires the Plaintiff to prove,

> "that the alleged discriminatory practice was based on an individual's race, color, religion, sex or national origin. The plaintiff may prevail by showing that the discrimination was "a motivating factor" in the decision even though other factors also motivated the decision."

Additionally, here Plaintiffs Elgin and Aubrey state that the race discrimination is solely based upon the overt disparate treatment seen and witnessed by others on Flight 1931.

This requires Plaintiff Elgin and Aubrey to plead that the plaintiff was treated disparately with regards to carry-on luggage and changing seats by the Defendant; the plaintiff was subjugated to the disparate acts and treatment regarding carry-on luggage checking and changing of seats  solely because of the plaintiff's were African-American men.

To clarify for the Defendant's, Plaintiffs Elgin and Aubrey bought tickets for a certain time to depart from a location and arrive to another location in exchange for money to American Airlines this a binding contract existed between the Plaintiffs and Defendants.  Moreover, as stated by the Plaintiffs in their affidavits both Elgin and Aubrey were treated very different than the Caucasians on Flight 1931.  In this instance, Aubrey was forced and coerced to check his carry-on bag when the flight was not full as well as witnessing Caucasians boarding the flight with carry-on luggage; the only reasonable yet irritable conclusion is that this treatment was due to his African-American decent. Furthering this catastrophic discriminatory wave of actions, Elgin requested a seat change upon entering the pane and was told it will be fine once everyone else board the plane, Elgin still humbled by the grant requested the change once everyone was boarded after witnessing other Caucasians changing their seats without even asking any steward or stewardess but he was denied returned to his seat and the police escorted him off the flight. It is clear that because Aubrey and Elgin were African-American men they could not, will not, must not and shall not receive the same treatment as the Caucasians on flight 1931. This blatant disparate treatment is unlawful, unjustifiable and supported with maliciousness. Thereby demonstrating appropriate claims under 42 U.S.C. §1981.

Therefore, Plaintiffs have properly pled the race discrimination action pursuant 42 U.S.C. §1981. Here, Plaintiffs, Elgin and Aubrey were denied the same rights that the Caucasians received entering the plane and onboard the plane.  This type of disparate treatment is completely unlawful, disheartening and dreadful. The Plaintiffs Elgin and Aubrey meet and satisfy the elements necessary to prove said race discrimination claim under 42 U.S.C. §1981. Thus, Plaintiffs request that this Honorable Court denies

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

Defendant's request for a dismissal of the race discrimination claim pursuant to 42 U.S.C. §1981.

**3. Plaintiffs' Claims Pursuant to 49 U.S.C. §§40127(a) and 41310(a) Are Viable**

Plaintiff's claim discrimination violations is in a legal arena currently. Nonetheless, Plaintiffs Elgin and Aubrey are willing to remove 49 §41310(a) from the FAC. However, Plaintiffs assert that the claims for 49 U.S.C. §40127(a) is valid and viable for this case. Defendant state that this claim fails because there is no private right of action under 49 U.S.C. §40127(a). Plaintiffs Elgin and Aubrey agree that currently there is no specified right of action for 49 U.S.C. §40127(a). However, there is no law prohibiting the right. Currently, legal studies and journals have opined implied private right of action stating,

> "a private right of action allows a private plaintiff to bring an action based directly on a public statute, the Constitution, or federal common law. Although Congress has placed express private rights of action into legislation such as the Clayton Antitrust Act and the Americans with Disabilities Act, ***implied private rights of action*** are not created by Congress. ***They are created by courts***. ***A judicially created implied private right of action allows a private plaintiff to enforce a public statute, despite the fact that the statute itself contains no express right of action***." *Loyola University Chicago Law Journal* (2017).

As stated, Plaintiffs, Elgin and Aubrey, are fully aware that currently there is no private express or implied right of action against airline companies. However, to ignore racial discrimination on airlines is inherently fallacious and requires necessary address by the courts as well as Congress. Thus, Plaintiffs Elgin and Aubrey requests that this Court states that here is an implied   As mentioned in an ABA article states,

> "[the High Supreme Court] in 2001, held in Alexander v. Sandoval that there is ***no private right of action to enforce disparate-impact regulations under Title VI of the Civil Rights Act of 1964***, several federal courts have ruled that

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

> ***Congress provided administrative methods*** of enforcing the Air Carrier Access Act ***in lieu of creating a private right of action***. Those methods include requiring aggrieved individuals to contact an air carrier's FAA resolution official, ***file a FAA with the airline***…" Robert, Amanda (2020).

Air travelers should have a private right of action if discriminated against, ABA House says. ABA Journal Daily News https://www.abajournal.com/authors/64780/ (February 14, 2020). Here, in this case, Plaintiffs, each and every Plaintiff, including Elgin and Aubrey, were not allowed nor informed about when where and who to file a Complaint with FAA when escorted off the plane and left destitute. This is the error with the legal restrictions of private actions for airline discrimination code violations. There will be cases where the lay person is ignorant to filing a Complaint with the airline or generally dismissed and refused to even lodge the Complaint. This creates the pervasive injustice that allows the perpetual repetition of discriminatory acts to rest in a continuum state of being in air travel environments.

The facts of this matter are a demonstration of the widespread racial discrimination that plaques this country. Plaintiffs Elgin and Aubrey state that the continuation of the unfettered racial discrimination will allow Defendant to allow its employees to behave in discriminatory ways because of the color of a person's skin. In this case the discrimination was prevalent. Given the extensive discrimination in this case, Plaintiffs request that this Court deny the dismissal of their claim for violation of 49 U.S.C. §4017(a).

### 4. Plaintiffs' Harassment Claim Meets Necessary Elements

Plaintiffs collectively claim that American and its staff members harassed each of them while boarded on the aircraft. Harassment includes, "violence or ***threats seriously*** scare, ***annoy***, or ***harass someon***e and ***there is no valid reason for it***." Harassment Definition from www.courts.ca.gov (September 3, 2020). Moreover, from the popular legal dictionary, Black's Law Dictionary defines harassment as "***repeated conduct*** that is

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

*not wanted* and is ***known to all parties as offensive***.” Black's Law Dictionary, Harassment, in lawdictionary.org (September 3, 2020).  Given the facts of this situation supported by the Plaintiffs declarations supporting the same. There was indeed harassment in this situation.   In order to prove and allege harassment by another, Plaintiffs must allege that said party conducted verbal harassment by unwanted comments and degrading yelling which was obviously offensive for four other people on the plane.

Here Plaintiffs' were onboard Flight 1931 when said stewardess had a complete racially motivated breakdown against Elgin. The entire situation was instigated by the stewardess and every Plaintiff attempted to calm her down stating Elgin did nothing wrong. However, said stewardess then call security, to retaliate upon the passengers that disagreed with her behavior.  Rather than sitting down after Elgin returned to his original seat and letting bygones be bygones, the stewardess amplified the situation be calling the security onboard to remove Elgin which created an vocal uproar resulting four additional people escorted off the flight then resulting in the entire flight being cancelled; all because of the discriminatory actions of the Defendant and its employees. It is properly alleged that Defendant harassed the Plaintiffs and each of them because of the untoward and unwanted verbal assault she continue on Flight 1931 that each were fully aware of which caused Plaintiffs to be deeply offended in that moment. It is clear that the Defendant and the stewardess conduct was unwanted ad Plaintiffs verbalized the unwanted speech and conduct yet it Defendant and stewardess continued relentlessly which offended all Plaintiffs.

Most notably, the offense continued when American Airlines offered only the Caucasian passengers new flights and overnight stay as recompense for the catastrophe; Defendant even offered said recompense to the one Caucasian women whom was escorted off the flight in resistance to the stewardess conduct. Here, the harassment of the Plaintiffs continued while on flight and off flight. Each Plaintiff was offended in

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

numerous ways thus establishing the elements necessary to plead a harassment claim. Therefore, Plaintiffs requests that this Court deny Defendant's alleged entitlement to a dismissal of the harassment claim validly plead in the FAC.

### 5. Plaintiffs' Negligence Claim Succeeds

Plaintiffs' claim for negligence will survive and succeed. Here, Plaintiffs' assert that Defendant is indeed liable for negligence in this case. While Plaintiffs agree that other cases can be used to review the viability of the negligence claim. However, Plaintiffs are aware that every case is different containing different laws as well as a different summation of facts. Thus, Plaintiffs reiterate that the negligence claims is valid for the below-mentioned facts and law herein.

California Court of Appeal states the elements to prove negligence includes,

> "…(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiffs injury."

*Mendoza v. City of Los Angeles* (1998) 78 Cal.Rptr.2d 525, 529(referencing *Wattenbarger v. Cincinnati Reds, Inc.* (1994) 28 Cal.App.4th 746, 751). The *Medonza* Court further states, "[d]uty is the expression of a court's conclusion that a particular plaintiff is entitled to protection." *Id.* (referencing *Rowland v. Christian* (1968), 443 P.2d 561.)

Defendants' argumentation regarding the dismissal of the negligence claim is erroneous. Defendant states that Plaintiffs have no facts to support the claim for negligence which is an astounding assertion given the facts as stated herein and the facts from each of Plaintiffs' declaration. Those are facts that support the claim for negligence and these facts support the claim for negligence. Here, first and foremost, each Plaintiff bought a ticket on American Airlines to reach their individual destination thus creating an agreement Plaintiffs get on the plane and reach their respective destination. Second, and still important, Plaintiffs had the reasonable expectation to have a safe and pleasant flight.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #792
BURBANK, CALIFORNIA 91510

Finally, the payment of the plane ticket and safely boarding the aircraft creates customer service a duty for the Defendant. Defendant has a duty to provide reasonable customer service to the passengers on an airplane. If there is no duty owed to Plaintiffs then Defendant and its employees can run amuck and engage in roguish conduct similar to Flight 1931.

Moreover, Plaintiffs assert that each element for negligence is met in this case for each Plaintiff. Defendant had a legal duty of proper customer service while eliminating any discrimination or discriminatory practice as well as allowing each passenger to safely reach their destination. Defendant pervasively breached the duty by engaging in discriminating conduct resulting in the denial of Plaintiffs reaching their designated destination. The failed flight and forced escorting of the plane was instigated and executed by the Defendant and its' employees that resulted in the Plaintiffs inability to reach their destination while being subjected to the vile discriminatory conduction of the Defendant. Most importantly, Plaintiffs remunerate the facts for the Defendants to demonstrate the viability of the negligence claim.

**(a) Defendants Discriminated Against Aubrey.**

It is very clear as stated in the alleged facts that the Defendants purposefully discriminated against Aubrey because he, an African-American male, was singled out to check his carry-on bag amongst several Caucasians (witnesses) not questioned, hindered or prevented from having a carry-on bag. This is blatant discrimination and the thought that it is discretion or even the thought that an airline can do as it pleases is against the fabric of the US Constitution as well as every Civil Rights law enacted in the country. These are the facts; American indeed caused harm by forcing Aubrey to check his carry-on bag, American caused mental distress, embarrassment and the inference that he is a criminal and less than a person. The reckless thought that discrimination and disparate treatment is not present in this conduct is further proof of the Defendant's negligent

unawareness of discrimination laws. Therefore, Aubrey alleges properly that the Defendant was negligent and said negligence caused harm by Aubrey (and all Plaintiffs) having to find an alternate means of transportation to reach his destination.

**(b) Defendants Discriminated Against Elgin.**

The notion that there are no facts to support the allegations that Defendant discriminated insidiously against Elgin is a fallacy. Elgin, an African American male, was humbled and polite to the Defendant and its staff. However, despite his humility, Elgin was met with discriminatory degrading conduct instigated by Defendant's negligent stewardess who caused a massively negligent incident.

Here, the negligent discriminatory facts are clear. As stated, Elgin requested a steward about the possibility of changing his seat to which the steward responded affirmatively stating that he could change seats once everyone had boarded. Elgin patiently waited until the announcement was made that the plane completed boarding, Elgin then observed a few Caucasians move to different seats onboard. Nonetheless, Elgin then stood up and proceeded to ask the stewardess if he could change his seat and she refused his reasonable request and then shockingly the Caucasian stewardess started yelling at Elgin to return to his seat. Refusing to add fire to the argumentative behavior, Elgin returned to his seat as the stewardess continued to be enraged; ultimately calling airline security to remove him. Again, Elgin was treated disparately because of Defendant and its employees' racist and discriminatory behavior and their negligence. These facts prove discriminatory negligence and the disrespect, demeaning and degrading actions should not result in an unreasonable denial of a seat change to being yelled at and publicly shamed and humiliated to being escorted off the plane and reportedly banned, demonstrates Defendant's negligence. Most importantly, the refusal to compensate and provide an alternate flight was a furtherance of negligence when all other Caucasian passengers received recompense for Flight 1931.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

**(c)** **Defendant undoubtedly discriminated and breached its duty toward each Plaintiff.**

Again, Defendants were negligent with each Plaintiff in this case. Cynthia and Brandy were discriminated against and Defendant breached the duty owed to the Plaintiffs. Natalie asserts that Defendants breach the duty owed to her for peaceful and safe flight to her destination. It is clear in the statements provided by each of the women herein that there was pervasive discrimination and maltreatment conducted on Flight 1931. The mere fact that the stewardess cowardly with discrimination motives called security then engaged two African-American staff member to complete the discriminatory action she instigated are sufficient facts to prove a massive breach of duty owed to the customers on Flight 1931. Here the facts demonstrate the negligence on the part of the Defendant against Cynthia, Brandy, and Natalie. The facts demonstrate that the stewardess was "uncomfortable" with Elgin, an African-American male being on the plane. It is incredulous conduct witnessed by the Plaintiffs in this case which caused disturbance and mental distress as witnesses. These monetary as well as distressing damages support the fact that Defendant was indeed negligent in this situation.

It is clear that Defendant's narrative is the exact opposite of the Plaintiffs' narratives. However, Plaintiffs five narratives are combined under one thought, Defendants discriminated against African-Americans on Flight 1931. Moreover, here, Plaintiffs have properly alleged that Defendant owed a duty, maliciously breached that duty, Defendant was the owner and operator of Flight 1931 and Plaintiffs were paying customers of Flight 1931 and based on the allegations herein, Defendant caused damage to the Plaintiffs due to this malicious discriminatory conduct. Therefore, Plaintiffs asserts that the claims are validly plead thereby negation a grant to Defendants for the motion to Dismiss.

**6. Plaintiffs' NIED Survives**

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

Plaintiffs agree that negligent infliction of emotional distress ("NIED") is not an independent claim alone. It is clear Plaintiffs are aware that the NIED claim is based upon their claim for negligence thus requiring the pleading of the cause of action. It is abundantly understood that NIED couples with negligence and requires the traditional elements of duty, breach, causation and damages. Plaintiffs have a claim for negligence that supports the inclusion of the NIED claim. *Wong v. Jing*, (2010) 189 Cal. App. 4th 1354, 1376. Therefore, Plaintiff's claim for NIED is completely valid and supported by facts in this case.

Further, NIED requires, "'serious mental distress may be found where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.' [Citation Omitted]" *Id.* at 1377-1378 (citing *Molien*, supra, 27 Cal.3d at p. 928, quoting *Rodrigues v. State* (1970) 472 P.2d 509, 520.) Here, Plaintiffs endured metal anguish, embarrassment as well as extreme torment from this horrendous discrimination situation. The unscrupulous acts rendered by the Defendant caused frustration, disheartening and discomfort for the Plaintiffs. Defendant's suggestions are contrary to the validity of the NIED claim is unsupported by any valuable legal argument other than the claim in inapplicable to this case. This assertion is erroneous.

The Defendant's conduct was discriminatory and reprehensibly committed against Plaintiffs because of Plaintiffs race as well as the rebuttal given to the Defendant about the discrimination. Plaintiffs are the direct victims in this case who had to subdue and endure the disgusting discrimination of the Defendant. It is abundantly clear that the fact that the altercation was motivated by race discrimination and further wit hostility causes distress for the Plaintiffs involved in the matter. Therefore, Defendant in fact through acts caused emotional distress which exacerbated the autistic injuries to Plaintiffs. Additionally, it is clear the stewardess failed to calmly speak with Plaintiffs and became extremely hostile when others commented on the error of her behavior and conduct.

Thus, the causal connection between the abusive discriminatory acts and the Plaintiff's declared grievances prove the NIED claim. Defendant's choice to ignore and proffer unjustifiable reasoning supporting these despicable facts is simply not reality.

Most importantly, Plaintiffs satisfy all elements required to plead and prove a valid cause of action for negligent infliction of emotional distress. Here, Plaintiffs establishes a prima facie case with facts that sustain this claim against the Defendant. The fact that Plaintiff has declaration proving the evidence of miserable distress supports the assertion that NIIED claim is proper. Thus, Plaintiff's claim for negligent infliction of emotional distress is valid and viable.

### 7. Vicarious Liability is Indeed a Federal Cause of Action

Plaintiffs' claim for respondeat superior also known as vicarious liability survives and succeeds. Vicarious Liability is most definitely a valid cause of action and is not routinely dismissed, especially, not in discrimination matters. Contrary to the Defendant's assertions, vicarious liability occurs when "a supervisor "is…liable for constitutional violations of his subordinates [because] the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."" *Marroquin v. Helen*, No. C 12-617 SI (pr) (ND Cal. 2012)(citing *Taylor v. List*, (1989) 880 F.2d 1040, 1045). In order to prove a cause of action for vicarious liability, a Plaintiff must demonstrate the following: (1)how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Brown v. Gore*, No. 12-CV-1938-MMA(BGS) (SD Cal. 2012).

In the instant case, Plaintiffs have articulated factual allegations that indicated Defendant's employees and staff member on Flight 1931 had personal involvement with the depravation of Plaintiffs' constitutional rights, which include the stewardess that instigated discriminatory acts and then audaciously furthered elevated the prejudicial situation. Moroever, despite numerous complaints from the Plaintiffs regarding the

disparate treatment, Defendant allowed for one hysterical racist stewardess to unilaterally engage in pervasive discriminatory acts which result in the cancellation of a flight and discriminating tactics to remove Plaintiffs with no avail; Defendant truly believes this discriminatory behavior is acceptable; Plaintiffs all assert it is not.  Defendant failed to take any action resulted in the depravation of Plaintiffs' rights. Thus, the claim for vicarious liability against the Defendants has been properly alleged.

Vicarious liability, like negligence, addresses, "[a]ny act or omission of a corporate officer or employee within the scope of his employment is, as a matter of law, the act or omission of such corporation." *Smith's Food & Drug Centers, Inc. v. Bellegarde*, (1998) 958 P.2d 1208. Analogous to Smith's case, the acts or omissions of its management imputes to the company. Defendant cannot disclaim and dismiss the blatantly obvious agency relationship at its convenience.  "Courts have long recognized the imposition of vicarious liability for punitive damages as a deterrent to tortious misconduct." *Id.* (citing *Goddard v. Grand Trunk Ry.*, (1869) 57 Me. 202, 223-24).  In the case at bar, upon further discovery, Plaintiffs can obtain more factual evidence which would support the factual allegations of vicarious liability. In this case, it is abundantly clear from the Plaintiffs' allegations that the discriminatory acts were done under Defendant's control because each staff member, namely the stewardess, was acting within the scope of employment; thus, Plaintiffs have facts that can establish a vicarious liability claim. Under the theory of vicarious liability, Plaintiffs have stated a claim against the Defendant as Defendant, and management were involved with the discriminatory practices alleged herein. Defendant is undoubtedly responsible for the conduct of its management and employees. Therefore, this Court should deny Defendants request for a dismissal of the Plaintiffs' vicarious liability claim.

### 8.  American Airlines Are Definitely Liable for Discrimination

Plaintiffs' assert that Defendant is liable for refusing flight service when said flights were denied based upon racial bigotry and discriminatory practices. Defendant

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

asserts Flight 1931 had the right to subject them to disparate treatment and then refuse to transport them purely based upon discrimination.  Plaintiffs obviously disagree with that contention in its entirety because that contention is preposterous. The contention is basically insinuating that when purchasing a ticket on American Airlines a passenger must be ready for subjugation and discrimination with no alternative. Thus, while onboard a passenger may not have and should not expect their civil rights to be respected in any manner; so passengers aboard an aircraft must acquiesce to discrimination.  Again, that is an incomprehensible notion.

Defendant asserts its broad discretion to remove passengers based upon 49 U.S.C. §44902(b).  Plaintiffs, all agree that Defendant, pursuant to 49 U.S.C. §44902(b) "may refuse to transport a passenger or property the carrier decides is, or might be, inimical to safety." Furthermore, Plaintiffs' also understand that said decision to prejudicially remove a passenger is inherently improper. It is abundantly clear that federal law prohibits airlines, including American Airlines, from discriminating against passengers' based upon race, color, national origin and other personal factors that cannot be controlled by an individual.  Here, it is clear that racial discrimination occured in this matter. However, given the mandate of 49 U.S. Code § 40127 which specifically states "[a]n air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry." So, there is competing interest in the two laws.  While an airline may have broad discretion to remove passengers for safety; airlines are prohibited from subjecting passengers to racial discrimination. In this case, Defendant is in conflict because Flight 1931 was cancelled due to the racial discrimination perpetuated against the Plaintiffs.

Most notably, Plaintiffs assert and agree that any decision to remove a passenger must be for true and pure safety reasons. Plaintiffs wholeheartedly agree with this law. However, Plaintiffs assert that said law must be applied correctly. In this instance removal was improper and definitely arbitrary and capricious; demonstrating an abuse of

power. The legal term arbitrary and capricious specifies a Court can invalidate any "agency action….if the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or if the action failed to meet statutory, procedural, or constitutional requirements." *Citizens to Preserve Overton Park, Inc. v. Volpe*, (1971) 401 US 402. Here, Defendant asserts that the safety provision law overrides constitutional rights.  Plaintiffs state that this logic is erred in this case.

However, in the alternative, if safety trumps constitutional civil rights, Defendant's actions were arbitrary and capricious. In this matter Defendant made the decision to cancel the flight and remove Plaintiffs from Flight 1931 based upon unreasonable grounds lacking proper consideration of the circumstances. It is clear Elgin returned to his original seat peacefully and there was no need for the stewardess to amplify a clamed situation. Thereafter, two additional stewards came to Elgin unnecessarily. Most egregiously, the instigating stewardess after harassing and being told she was wrong by other passengers, decided to call security. These actions had nothing to do with safety; it was solely based upon the stewardess' racial discrimminatry thoughts alleging she was "uncomfortable" being on the plane with Elgin because he was an African-American male. It is abundantly clear that the provision insulating the airline to remove passengers should be excluded in this case given the facts that demonstrate Defendant lacked consideration of the permeating discrimination in this case. Plaintiffs proffer that had Defendant used prudent and reasonable consideration of the onboard situation this matter could have been handled in a much different way that reduced the discrimination and protest against discrimination. For these reasons, Plaintiffs request that this Court deny the allegations Defendant is not liable for the failure to transport.

**B.  PLAINTIFFS' FAC SHOULD NOT BE STRICKEN**

Defendant's summation that it is entitled to strike numerous paragraphs of the FAC as well as punitive damages; in reference to discriminatory demeaning conduct is

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

simply impudent. Plaintiffs assert Defendant is not entitled to a grant to strike the FAC references to discriminatory conduct and punitive damages. The standard for the application of a Motion to Strike is governed by Federal Rules of Civil Procedure 12(f). Under FRCP 12(f), in pertinent part, a party may move to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Most importantly, "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, (1983) 697 F.2d 880, 885. Here, Defendant requests that this Court strike paragraphs 19-21, 29-36, 44-45, 49, 51-52, 59, 62-67, 71, 76-79, 80-84, 88-90, 92, 97-100, 104-105, 110, 112-117, 119-125, 127-136 of the FAC which is essentially the entire FAC.

Defendant is requesting said strike of the FAC because Defendant is taking a personal defensive position for the adjectives used regarding its conduct and that of its employees. Plaintiffs disagree with the Defendants position and are able to utilize adjectives; the use of adjectives does not meet any definition of scandalous or rancor or bad faith, especially when the statements made are the facts. Moreover, any statement considered redundant is made to support the claims thus any paragraph that is redundant after paragraph 55 is a fact to establish the cause of action if said paragraphs were stricken and deleted there would be an argument stating plaintiffs failed to plead properly but the fact remains you cannot have it both ways. Thus, the paragraphs should remain in the FAC.

The facts and adjectives used in the FAC are pertinent and relevant to the instant matter. Thus, a striking of the numerous paragraphs in the FAC would be improper. Most importantly, Courts have determined that motions to strike are generally disfavored. Courts reason that "Rule 12(f) motions are generally "disfavored" because they are often used as delaying tactics..." *Colaprico v. Sun Microsystems, Inc.*, (1991) 758 F.Supp.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

1335, 1339. However, a motion to strike may be granted when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Id.* In the instant matter paragraphs of the FAC has a bearing on the subject matter of the litigation as each paragraph is a reflection of the time, date, location, awareness of the situation and facts of the situation as Plaintiffs remember and recall regarding Flight 1931.

Defendant characterizes Plaintiffs allegations as scandalous, which is definitely unfounded because Plaintiffs are stating the facts of the case, regardless of how despicable they are. Nevertheless, Defendant continues to assert the FAC lacks supported facts which is definitely erroneous. This is plainly false when five Plaintiffs are all in agreement with a different narrative than Defendant, regarding Flight 1931. Moreover, the motion to strike, if granted, would remove all allegations regarding the discrimination alleged by the Plaintiffs.  Plaintiffs assert the motion filed by Defendant is both an attempt to cause unnecessary delay or an attempt to dismiss the FAC; either way this Motion to Strike is frivolous and a waste of judicial resource and economy. If the Defendant's argumentation had merit, the Court should still preclude striking the paragraphs because striking said paragraphs would extinguish all Plaintiffs' causes of actions. Plaintiffs would lose any the opportunity to obtain the relief requested in the paragraphs if said relief is not properly pled within the FAC. Therefore, the Defendant's motion to strike should be denied by the Court.

Defendant's filing of the motion to strike emphasizing concerns regarding scandalous, immaterial and harsh adjectives is a red herring and merely a litigation tactic. Plaintiffs' descriptions of the situation is truth which fails to be immaterial, scandalous or redundant. For example, paragraph 51 is definitely pertinent; this is a statement directly from Plaintiff's declaration which is definitely pertinent. Defendant should not be

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

allowed to file a motion to strike because it does not like the allegations of the FAC. That is not a genuine legal reasoning for filing a motion to strike. Plaintiffs are confident the allegations articulated in the FAC could prompt a jury to grant relief in their favor. Moreover, in this instant matter, there are certainly sufficient legal damages and legal claims that entitle Plaintiffs to relief.

Plaintiffs assert the paragraphs in this FAC is valid and relevant. Defendant's assertions that Plaintiffs failed to meet the requirements of Rule 12(f) is quite challengeable. Plaintiffs admit the paragraphs may be filled with adjectives describing the discrimination and the situations endured, coupled with genuine facts that support each and every allegation in the FAC.  Generally, motion to strike portions of a FAC relate to the entire claim and causes of action rather than Paragraphs. The presentation that Defendants make regarding redundant, immaterial, impertinent, or scandalous references are unmeritorious and disingenuous.  It is clear, from the FAC taken as a whole that these allegations are proper. It is ironic that the motion to strike is made to prevent the expenditure of time and money and in this case Defendants are costing the Plaintiffs the expenditure of money and time by filing a frivolous motion to strike. Moreover, in this case, Defendant improperly asserts a motion to strike to eliminate all statements the Defendant opposes which is improper grounds for a motion to strike. In fact, if Defendant answered the FAC Defendant could simply deny said paragraphs.

Here, Plaintiffs have alleged facts that demonstrate the Defendant's discrimination and callous disregard to Plaintiffs' protected rights. Plaintiffs have sufficiently alleged facts that imply and disclose that Defendant discriminated, harassed and violated the rights of Plaintiffs by its conduct toward the Plaintiffs. These factual allegations as stated in the FAC met the requirements for notice pleading and sufficiently prove Plaintiffs should proceed without a dismal or striking of the FAC. Here, this Honorable Court should decline striking paragraphs from the FAC.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

Therefore, Plaintiffs allegation in the FAC are proper and the use of adjectives fails to create scandal. Additionally, redundancy is necessary to prove the elements of the cause of action. Most importantly, striking for immaterial reasoning is a falsehood because every allegation is pertinent to this discrimination case. Moreover, this Court should not prevent the Plaintiffs from requesting relief for the claims in FAC. The case at bar sufficiently establishes that paragraphs are relevant and competently alleged in the FAC. For the aforementioned reasons, the present matter warrants a denial Defendants' motion to strike in its entirety.

## C. PLAINTIFFS' PUNITIVE DAMAGES SHOULD NOT BE STRICKEN

Again, Plaintiffs do not deny that Defendants has the legal right to file a legally reasonable motion to strike portions of the FAC. However, Plaintiffs disagree with Defendant's assertion that the punitive damages must be stricken form the FAC. Federal Courts have stated, "[p]unitive damages are available against individual ... officers in a [discrimination] claim where the officer's 'conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.' " *Dubner v. City and County of San Francisco*, (2001) 266 F.3d 959, 969 (citing *Smith v. Wade*, (1986) 461 U.S. 30). Here, the Plaintiffs have alleged facts that demonstrate the Defendant's callous disregard to Plaintiffs' protected rights.

"The Court concluded that "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law, should be sufficient to trigger a jury's consideration of the appropriateness of punitive damages."" *Ngo v. Reno Hilton Resort Corp.* (1998)140 F.3d 1299, 1302 (citing *Smith*, 461 U.S. at 55-56)). Analogous to *Ngo*, here, the Court should determine that the standard for punitive damages is met as Plaintiffs have met the substantive standard for ordinary liability. *Id.* Plaintiffs have sufficiently alleged facts that imply and disclose Defendant callously disregarded their

complaints and vocal renunciation regarding discrimination. These factual allegations as stated in the Complaint met the requirements for punitive damages and support a determination that Plaintiffs should be able to proceed with the punitive damage claim. Here, the Plaintiffs have alleged facts relating to the Defendant's alleged "deliberate indifference" in violation of their civil protected rights, [thus this Court should find that Plaintiffs'] Complaint alleges facts sufficient to show the "evil motive or intent" or "reckless or callous indifference" required to support an award for punitive damages. *Dubner v. City and County of San Francisco*, (2001) 266 F.3d 959, 969.

Furthermore, California Civil Code §3294(a) states

> "[i]n an action for the **breach of an obligation** not arising from contract, where it is **proven by clear and convincing evidence** that the **defendant has been guilty of** oppression, fraud, **[despicable conduct]** or **malice**, the **plaintiff**, in addition to the actual damages, **may recover damages for the sake of example** and by way of **punishing the defendan**t."

Moreover, the *Gudarov* case stated that the prayer for relief should be, "...sufficient to apprise defendant that exemplary damages were sought..." *Gudarov v. Hadjieff*, (1952) 38 Cal. 2d 412, 416. Most importantly, the Court makes clear that "a prayer for general relief will not support a damage award which is not contained in the prayer." *Id.* Defendants often use a motion to strike prayers for relief and punitive damages. Here, Defendants attempt to persuade this Court to remove punitive damages prayer for relief under the guise that the conduct does no rise to the level of malice.

As statutorily defined in Cal. Civil Code §3294(c)(1) malice is defined as, conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights of others. In consideration of the facts in this case, it is definitely arguable as to whether Defendant had a conscious disregard of rights the Plaintiffs. The acts of racial discrimination then furthering harassment then unjustifiable removal from the aircraft

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

demonstrates a conscious disregard for the Plaintiffs' rights. Defendant, as aircraft and airline owner coupled with training for employees, the behavior in the FAC was malicious with a complete disregard of Plaintiffs' rights. Plaintiffs are entitled to pursue punitive damages in the prayer for relief. Plaintiffs' inclusion for punitive damages is valid. Plaintiffs definitely agree that punitive damages must be reasonable and scrutinized in cases. However, this does not preclude a request for punitive damages in the prayer for relief.

In *Gudarov*, it is stated "we must look to the prayer for the relief that was demanded." *Id*. Moreover, the Court expands by stating "the prayer--the feature of the pleading to which alone reference may be had in…cases, to ascertain what relief the plaintiff seeks…" *Id*. Most importantly, the Court makes clear that "a prayer for general relief will not support a damage award which is not contained in the prayer." *Id*. These statements directly refute Defendant's position that the punitive damages prayer for relief should be stricken.

Moreover, Defendant's state in order to prove punitive damages, Plaintiffs must demonstrate proof of discrimination that was administered through malice and oppression. *Henderson v. Security National Bank* (1977) 72 Cal. App. 3d 764, 772. Plaintiffs agrees. Plaintiffs states that it very clearly in the FAC that Defendant maliciously instituted cruel and unjust hardships with ill will and evil intent on Flight 1931. *Id*. Plaintiffs assert the facts alleged in the FAC demonstrate Defendant's fraudulent, malicious, degrading, oppressive and outrageous conduct. Plaintiffs note and agree that California Civil Code (*Cal. Civ. Code*) §3294 (c) states:

> "(1) "[m]alice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

(2) "[o]ppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

(3) "[f]raud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

Herein, Defendant undoubtedly met the requirements for malice and oppression which establish the reasoning for the punitive damages. Defendant was malicious when utilizing discriminatory tactics such as the following: disparately treating the African-American males; stewardess stretching her arm out toward Plaintiff Elgin who was standing still; stewardess yelling at Elgin; stewardess refusing to let Elgin change seat but allowing Caucasians to change seats; stewardess requesting other African-American employees to investigate a non-situation after Elgin remained in his original seat; stewardess feeling "uncomfortable" with Elgin for no apparent reason other than he was an African-American male; stewardess unnecessarily calling security on Plaintiffs; Defendant ignoring the rebuttals of other passengers on Flight 1931 regarding the discrimination; Defendant banning the African-American Plaintiffs from the airline; Defendant retaliation against the Plaintiffs who disagreed with the Defendants customer service and reprehensible conduct. These numerous and relentless actions were undoubtedly malicious coupled with undeniable oppression.

It is clear in the facts that Plaintiffs endured malice and oppression while on Flight 1931. Plaintiffs contend the punitive damage claim asserted in the FAC is valid. Defendant contends Plaintiffs failed to allege all necessary facts to support the elements to impose punitive damages. Generally, the imposition of punitive damages is determined by the trier of fact. Thus, Defendant's argumentation would be better applied after Plaintiffs actually received an award of punitive damages. Therefore, Plaintiffs have stated a proper prayer for punitive damages. The case at bar sufficiently establishes the punitive damage prayer is relevant and competently alleged in the FAC. Here,

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

Defendants acted with a "willful and conscious disregard of the Plaintiffs' protected rights and Plaintiffs are entitled to recover punitive damages thereof. For the aforementioned reasons, the present matter warrants a denial of Defendants' motion to strike the Plaintiffs' prayer for punitive damages.

## V.   **CONCLUSION**

For the foregoing reasons, this Court should deny Defendant's Motion to Dismiss and Motion to Strike in its entirety. In this Opposition, Plaintiffs have made it very clear the justifiable legal reasons for denying the request for dismissing the causes of action and striking the FAC. As stated herein, the factual allegations coupled with causes of actions are pled accurately with ample sufficiency. Additionally, the FAC does not contain any paragraph or punitive damage statement worthy to be stricken. Thus, Plaintiffs assert the right to proceed with the viable claims against the Defendant. In light of the facts and evidence presented in this case and the above matters, no just cause entitles the Defendant to a dismissal of pursuant to 12(b)6 as well as the striking of the FAC pursuant to 12(f). Plaintiffs have sufficiently pled and alleged facts, which give a basis for the requested relief. Therefore, Plaintiffs respectfully request this Honorable Court deny the Motion to Dismiss and Motion to Strike in its entirety, or in the alternative grant leave to amend according to this Court's order and grant any further relief that the court may deem just and proper.

Respectfully Submitted,

DATED this day __9th__ September, 2020.


__s:// Theida Salazar_____

**THEIDA SALAZAR SBN: 295547**
**LAW OFFICES OF THEIDA SALAZAR**
*Attorney for Plaintiffs*

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2140 N. Hollywood Way #7192 Burbank, CA 91510.

      On September 9, 2020, I served the foregoing document described as **PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS AND TO STRIKE,** on interested parties in this action by personally serving a true and correct copy thereof addressed as follows:

<b>SEE ATTACHED MAILING LIST</b>

[ X ]    (BY ELECTRONIC MAIL)

[ X ]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction service was made. I am depositing a true and exact copy thereof through the Electronic Case Filing system of the United States District Court Central District of California.

                                                          \_s:// Theida Salazar_____
                                                           Theida Salazar, Esq.

**SERVICE LIST**

Re:   **Case No.:** 2:20-cv-05495 GW (GJSx)

TO:   **Patrick J. Kearns, Esq**. (SBN 241602)
       **Sarena Kustic, Esq.** (SBN 292715)
       **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
       401 West A Street, Suite 1900
       San Diego, California 92101
       T: (619) 321-6200
       F: (619) 321-6201
       E: Patrick.Kearns@wilsonelser.com
          Sarena.Kustic@wilsonelser.com