THEIDA SALAZAR SBN: 295547
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: salazarlawgroup@gmail.com

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELGIN BANKS, an Individual; NATALIE EPSTEIN, an Individual; BRANDY FLOWERS, an Individual; CYNTHIA VASSOR, an Individual and AUBREY KELLY, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES GROUP, INC. dba AMERICAN AIRLINES, a Delaware Corporation; DOE DEFENDANTS 1-20, inclusive<br><br>Defendants. | Case No.: 2:20-cv-05495 MCS-GJS<br><br>**THIRD AMENDED COMPLAINT**<br><br>1. RACE DISCRIMINATION;<br>2. NEGLIGENCE; AND<br>3. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiffs, ELGIN BANKS, AUBREY KELLY, NATALIE EPSTEIN, BRANDY FLOWERS AND CYNTHIA VASSOR by and through undersigned counsel and in support complains, alleges and avers a Third Amended Complaint as follows:

TAC AA COMP| 1

## JURISDICTION AND VENUE

1. This is a civil complaint brought in United States District Court under Federal and California state statutes prohibiting discrimination in order to secure protection and redress deprivation of rights under these laws.

2. Plaintiffs' statutory claims arise under including but not limited to Title VII of the Civil Rights Acts of 1964 ("Title VII"), as amended and codified as, 42 U.S.C. §2000e-2 et seq.

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1332.

4. This action, also, includes two claims arising out of California state law, which is joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. §1367(a). Plaintiffs assert they endured either disparate treatment, race discrimination, or retaliation due to race as well as complaining of said race discrimination which is strictly prohibited by the Civil Rights Acts of 1964 ("Title VII").

5. Jurisdiction in this case is also proper pursuant to California Government Code §8315.

6. This Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

7. During the relevant time period, Defendant, AMERICAN AIRLINES GROUP, INC. (hereinafter referred to as "American") is a Delaware Corporation operating within the County of Los Angles, State of California and employing persons within the State of California.

8. Venue is proper in the District of California pursuant to 28 U.S.C. §1391(b) because the claimed unlawful discrimination practices were committed in and arose in the District of California. Further, the venue is, also, proper Code of Civil Procedure §395(a).

9. The amount in controversy in this matter exceeds the sum of $75,000, exclusive of interest and costs.

## PARTIES

10. Plaintiff, ELGIN BANKS is an individual and is now, and at all times mentioned in this Complaint was an out of state resident onboard American Airlines Flight 1931 departing Los Angeles International Airport.

11. Plaintiff, NATALIE EPSTIEN is an individual and is now, and at all times mentioned in this Complaint was a resident of the State of California onboard American Airlines Flight 1931 departing Los Angeles International Airport.

12. Plaintiff, BRANDY FLOWERS is an individual and is now, and at all times mentioned in this Complaint was an out of state resident onboard American Airlines Flight 1931 departing Los Angeles International Airport.

13. Plaintiff, CYNTHIA VASSOR is an individual and is now, and at all times mentioned in this Complaint was an out of state resident onboard American Airlines Flight 1931 departing Los Angeles International Airport.

14. Plaintiff, AUBREY KELLY is an individual and is now, and at all times mentioned in this Complaint was a resident of the State of California onboard American Airlines Flight 1931 departing Los Angeles International Airport.

15. Defendant, AMERICAN AIRLINES GROUP, INC. dba AMERICAN AIRLINES ("American") is a California Corporation, and at all times mentioned in this Complaint owns and operates said business in Los Angeles County, California.

16. Plaintiffs sue DOES 1 through 20, inclusive, herein under fictitious names. Plaintiffs do not know their true names and capacities. When Plaintiffs ascertain the DOE Defendants' true names and capacities, Plaintiffs will amend this Complaint by inserting their true names and capacities. Plaintiffs are informed and believes, and on the basis of that information and belief alleges each Defendant named herein as a DOE acted with the other defendants and is responsible for the damages to Plaintiffs herein alleged. Each reference in this Complaint to Defendants, or to any of them, also refers to all Defendants sued under fictitious names.

17. Plaintiffs are informed and believes, and on the basis of that information and belief alleges each of the Defendants sued herein are the agents, servants, employees, licensees, guarantees, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment guaranty, assignment, license, invitation and/or relationship and with the full knowledge and consent of the other.

18. At all relevant times mentioned herein, Defendants aided and abetted the acts and omissions of the other Defendants in proximately causing the damages alleged herein.

## FACTUAL ALLEGATIONS

19. This case is a pervasive discrimination case whereby Defendant reprehensibly and repetitively violated several well established discrimination laws.

20. There are two well-known principles in this nation: (1) customer service and civility are necessary for positive human interactions and (2) no person should be denied the right to any public accommodation because of discrimination and retaliation.

21. Unfortunately, this is a case of the vice versa of these two basic principles.

22. This matter pertains to the American Airlines Flight 1931 ("Flight 1931") departing Los Angles California on Sunday, May 31, 2020 around 7:45pm routed to arrive in Phoenix, Arizona.

23. Furthermore, Plaintiffs, Elgin Banks, Natalie Epstein, Brandy Flowers, Cynthia Vassor and Aubrey Kelly were all onboard for American Flight 1931.

24. Elgin Banks is an African-American male.

25. Natalie Epstein is a Caucasian female.

26. Brandy Flowers is an African-American female.

27. Cynthia Vassor is an African-American female.

28. Aubrey Kelly is an African-American male.

29. Well known to the entire country, Flight 1931 was taking off to Arizona during a very contentious and concerning time given the existence of COVID-19 and the murder of George Floyd.

30. Elgin is a mild-mannered, gentle African-American man that was simply on the flight to return back home after staying in Los Angeles for a few weeks with his family for bereavement purposes.

31. Aubrey is also an African-American male of mild temperament that is very respectful and a third year medical student at UCLA.

32. Plaintiffs, Natalie, Brandy and Cynthia were also onboard Flight 1931 returning to Phoenix, Arizona.

33. As the Plaintiffs boarded Flight 1931, each Plaintiff anticipated a relaxing safe experience however that did not occur on May 31, 2020.

34. Flight 1931 quickly became a horrendous racially discriminatory situation.

35. That American racially discriminated against Aubrey prior to his boarding by unnecessarily forcing Aubrey to check his carry-on bag without any justifiable or legal reasoning to do so; there was room for carry-ons on Flight 1931 and Aubrey's bag was compiled to the proper sizing for the carry-on; thus the refusal was racially motivated from the outset.

36. That once onboard Flight 1931 Plaintiffs engaged in a serious discrimination and retaliation situation.

37. As Elgin boarded Flight 1931, he politely requested if the flight was full and if he could change seats if open seats where available; an American flight attendant assured that he could change seats when the pilot states that "boarding is complete".

38. Abiding by the statement conveyed to him, Elgin waited for the pilot's announcement that the boarding was complete.

39. Given the prior communication with the flight attendant staff member, once the pilot stated boarding was complete, several non-African American passengers changed seats freely.

40. Recognizing that he now had the opportunity to change seats, Elgin requested permission from the Caucasian flight attendant to get a closer seat to the front of the airplane.

41. Elgin specifically stated, "excuse me, I asked for a seat earlier and I see you moving people so I wanted to know if I could get a closer seat."

42. The flight attendant replied "sir, step back", in an aggressive and rudely intimidating tone. Elgin replied, "okay ma'am, all I was asking is if I could get a seat closer to the front." Moreover, Elgin was not in close proximity to the flight attendant at any time.

43. The flight attendant then responded "sir, you don't have to raise your voice" then Elgin replied, "I didn't raise my voice ma'am; I was just asking if I could get a seat closer."

44. Despite Elgin's respectful and humbled request, the flight attendant responded with a vile demeanor and rudely and in an agitated and overtly aggressive tone stated "sir go sit down" and Elgin returned to his seat.

45. Thereafter, the flight attendant called airport security as well as airport police and conveniently after causing this demeaning situation disappeared from the incident.

46. Needless to say, subsequently, security came upon the plane and forced Elgin to exit the plane, despite the overt statements of passengers that Elgin did nothing wrong in the situation.

47. In solidarity to the racial discrimination presented before them, Plaintiffs, Aubrey, Natalie, Brandy and Cynthia were escorted off as well as each of them were witnesses advocating for Elgin.

48. Furthermore, appallingly when exiting the plane Plaintiffs were greeted by 20 police offices as if they were criminals.

49. To add insult to injury, the fleeing flight attendant, subsequently made ridiculous false statements about what occurred on Flight 1931, including but not limited to the misrepresentation that Elgin was trying to sit in first class, which was a perjurious lie.

50. Most egregiously, the flight was cancelled and American offered accommodations for the Caucasian customers yet for the African-American who were also escorted off because of their solidarity against discrimination American denied offering accommodations.

51. Plaintiff's vehemently protested with American staff and were immediately thereafter surrounded by officers who informed them they must leave the airport as they were no longer ticketed passengers.

52. Most importantly, the fact that law enforcement and security, in the process of ejecting Plaintiffs from the airport, made the statement to Cynthia and other Plaintiffs, "[w]hy would you want to fly with an airline that doesn't want you on their plane?" that remark in and of itself provides sufficient evidence of the racial discrimination in this case.

53. Even more disgustingly, American had the audacity to claim all of the Plaintiffs' were banned from travel on its airline which further demonstrated the racial discrimination alleged herein.

54. Subsequently thereafter, the non African-American plaintiffs received hotel vouchers in their email, but the African-American plaintiffs did not received a voucher or any communication which is further evidentiary support of the disparate treatment that persisted throughout this ordeal.

55. It is clear that Elgin did nothing wrong in this instance; he did not violate any law, airline policy nor FAA policy during this incident. (*see Exhibit 1- Elgin's Declaration*)

56. It is clear that none of the Plaintiffs effectuated any wrongdoing in this instance; nor did they violate any law, airline policy or FAA policy at any time during this incident. (*see Exhibit 1-5 Declarations of each Plaintiff*)

57. Thus, in order to receive recompense and true justice, Plaintiffs are filing this lawsuit.

TAC AA COMP| 7

## FIRST CAUSE OF ACTION
### RACE DISCRIMINATION
### (Elgin and Aubrey Against Defendant)

58. Plaintiffs refer to and incorporate the factual allegations set forth in paragraphs one (1) through fifty-seven (57) above as though fully set forth hereafter.

59. Title II of the Civil Rights Act 42 U.S.C. §2000(a) states "(a) *[a]ll persons* shall be *entitled to the full and equal enjoyment of the* goods, *services*, facilities, *privileges, advantages, and accommodations of any place of public accommodation*, as defined in this section, without discrimination on the ground of race, color, religion, or national origin." (bolded and italicized for emphasis)

60. Civil Rights Law codified as 42 U.S.C. §1981 states, "*[a]ll persons* within the jurisdiction of the United States shall *have the same right* in every State and Territory to make and enforce contracts, *to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens*, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." (bolded and italicized for emphasis)

61. In this case American violated by intentionally purposefully allowing race discrimination on Flight 1931.

62. American is the owner of the airplane and employer of all staff on Flight 1931.

63. The Caucasian flight attendant was and possibly still is an employee of American.

64. That Elgin and Aubrey were African American men on Flight 1931.

65. It is clear that based upon the above-referenced facts, that American and its staff subjected Elgin and Aubrey to adverse situations and constant harassment.

66. Aubrey endured an adverse racial discriminatory situation when American refused to allow him to take a carryon bag for Flight 1931 despite the fact that Aubrey observed many Caucasian passengers freely taking their carry-ons on the plane.

67. Elgin endured adverse racial discrimination when he was unjustifiably escorted off Flight 1931 simply because he requested the same right and the same change of seat that many Caucasian passengers received with no hesitation or arguments from the flight attendant.

68. Here, it was clear that American and its staff egregiously and despicably treated Elgin and Aubrey disparately because of the color of their skin. Elgin and Aubrey's race was the substantial motivating reason for American's discriminatory conduct.

69. Additionally, despite, knowing about these said despicable verbal interactions, American never took any action regarding the same thus bolstering the harm to the Elgin and Aubrey.

70. In fact, Elgin and Aubrey were never presented to have the ability to address or file a complaint about American's staff abhorrent conduct. This, any notice regarding this case is supported by the news and social media reporting of this situation and this case.

71. Thus, Defendant acts and omissions were the substantial factor of the race discriminatory harm that Aubrey and Elgin endured in this matter.

72. In this case, Elgin and Aubrey were harmed emotionally as well as physically. The verbal abuse and abusive caused detrimental harm to Aubrey and Elgin.

73. Elgin and Aubrey experiences and endures actual damages in an amount subject to proof at trial.

74. Defendants' actions are intentional and done with willful disregard for the well-established and well-known legal rights of Elgin and Aubrey.

75. Plaintiffs had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### NEGLIGENCE

76. Plaintiffs refer to and incorporate the factual allegations set forth in paragraphs one (1) through seventy-six (76) above as though fully set forth hereafter.

TAC AA COMP| 9

77. *California Civil Code section 1714(a)*, states: "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person."

78. American owns the airplane and employs each staff member on Flight 1931. American hired the Caucasian flight attendant as an employee for American who was working on Flight 1931.

79. That Plaintiffs and each of them were American customers and passengers.

80. That American owed a duty a general duty of reasonable care as well as the reasonable accommodation for a non-hostile traveling environment and experience.

81. Thus, American had a general duty of reasonable care owed to the Plaintiffs during their travel on Flight 1931.

82. That American had a legal obligation to provide an amicable and civil traveling environment and experience without blatant intolerant discriminatory behavior.

83. That American had a duty to use due care in facilitating the operations, conduct and acts so as not cause injury to others.

84. Furthermore, American failed to meet that duty. Among other things, Defendant failed to protect Plaintiffs from emotional and financial harms.

85. Harm to the Plaintiffs was a foreseeable.

86. However, American, breached the duty of care owed to the Plaintiffs when American consistently verbally attacked Plaintiffs, removed Plaintiffs from Flight 1931 as well as the atrocious act of banning and failing to provide any accommodations to the Plaintiffs.

87. That American failed to use reasonable care by failing to prevent the discrimination on Flight 1931.

88. That American given the circumstances, used unreasonable conduct by inappropriately

escorting Plaintiffs off the plane then unjustifiably issues a ban from American to each Plaintiff.

89. As a further proximate result of the situation solely created by American, Plaintiffs have incurred, and will continue to incur actual and related expenses.

90. Defendant's acts and omissions were a substantial factor, direct and proximate cause in causing Plaintiffs' injuries.

91. Plaintiffs has incurred, and will continue to incur, medical and related expenses. As a result of Defendant's negligence, Plaintiffs have been damaged and has suffered damages in an amount in excess of $75,000.00.

## THIRD CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

92. Plaintiffs refer to and incorporate the factual allegations set forth in paragraphs one (1) through ninety-two (92) above as though fully set forth hereafter.

93. It is well known that negligent infliction of emotional distress has two theories: direct victim and bystander theories.

94. "A "direct victim" case is one in which the plaintiff's claim of emotional distress is based on the violation of a duty that the defendant owes directly to the plaintiff." *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 205.

95. A direct victim is one that endures and experiences "the negligent breach of a duty arising out of a preexisting relationship. *Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1076.

96. Furthermore, a bystander theory requires said plaintiff to prove these three elements: (1) is closely related to the injury victim, (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim and, (3) as a result suffers emotional distress beyond that which would be anticipated in a disinterested witness. *Thing v. La Chusa*, (1989) 48 Cal. 3d 644, 647.

97. Although Plaintiffs collectively state that each are direct victims to this egregious incident, Plaintiffs will provide facts regarding this claim for negligent infliction of emotional distress,

98. American owed each and every Plaintiff on Flight 1931 a duty to a peaceful and professional transport Plaintiffs to their final destination.

99. Clearly, that duty was breached and unmet.

100. However, American was undoubtedly extremely and recklessly negligent with the Plaintiffs.

101. As stated herein, Plaintiffs, and each of them, are direct victims of American's negligent conduct. Plaintiffs were all onboard Flight 1931 at the time the pervasive discriminatory event.

102. Specifically, Elgin and Aubrey are direct victims because American, its' employees and staff members had a duty to properly engage Plaintiffs without perpetrating discriminatory actions and tactics. American's employees and staff members neglectfully breached said duty by treating Aubrey and Elgin disparately while boarding and onboard Flight 1931.

103. Specifically, Natalie, Brandy and Cynthia are also a direct victims because they were on Flight 1931, witnessing the unjust, reprehensible and simply horrendous activities that were occurring on Flight 1931. Furthermore, Natalie, Brandy and Cynthia are direct victims entitled to this claim under the bystander theory.

104. Natalie, Brandy and Cynthia were in close approximation and relation as co-passengers to Elgin and Aubrey while on Flight 1931; they each witnessed blatant discriminatory situations that caused insurmountable distressing emotions which caused them to speak out about the obvious injustice and the unscrupulous actions causing them great distress, especially upon hearing they were banned by American.

105. It is outstandingly clear that American, its' employees and staff members completed failed in their duties thus causing overt and extreme distress for all of the Plaintiffs.

106. Due to the negligent conduct of American, Plaintiffs have and continue to endure constant stress due to the Defendant's pervasive negligence in this matter.

107. Negligent conduct of American, its' employees and staff members by subjecting Plaintiffs to extensive discrimination was outrageous and done in the presence of Plaintiffs and other passengers thus causing Plaintiffs' emotional distress.

108. American acted with reckless disregard and outright unconsciousness regarding the fact that Plaintiffs would suffer increased distress after witnessing malicious discrimination on Flight 1931.

109. In this case, American, its employees and staff members acted negligibly and in reckless disregard of the probability that Plaintiffs would suffer emotional distress.

110. That Plaintiffs' incurred severe mental damages from American' acts and omissions in this matter.

111. Plaintiffs, and each of them, suffers severe emotional distress for the wayward actions of the American, its employees and staff members that allowed and committed overt discriminating acts.

112. Plaintiffs suffered severe emotional distress as a result of American, its employees and staff members.

113. American, its employees and staff members' conduct was a substantial factor in causing Plaintiffs severe emotional distress.

114. American, its employees and staff members' conduct was the proximate cause of Plaintiffs being harmed and suffering injuries.

115. As a further proximate result of the conduct of American, its employees and staff members' conduct, Plaintiffs have been damaged thereby.

116. American's negligently caused emotional distress which resulted in Plaintiffs incurring related expenses.

117. That each Plaintiff incurred physical and mental damages from American and its staff's acts and omissions in this matter.

118. That Plaintiffs suffered serious emotional distress after the terrifying bigoted experiences they endure on Flight 1931.

119. As a direct and proximate result of American's negligent conduct, Plaintiffs experienced mental anguish as well as physical pain.

120. As a direct and proximate result of Defendant's conduct, Plaintiffs suffered general damages in an amount to be determined by proof at trial.

121. As a further direct and proximate result of Defendant's conduct, Plaintiffs are entitled to an amount to be determined by proof at trial.

122. Defendant acted maliciously and oppressively, in willful and conscious disregard of Plaintiffs rights and safe negligently causing to harm Plaintiffs.

123. As a result of Defendant's negligent infliction of emotional distress, Plaintiffs have been damaged and have suffered damages in an amount in excess of $75,000.00.

**WHEREFORE**, Plaintiffs, each, pray for judgment against Defendant American Airline, and each of them as follows:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For prejudgment interest;
4. For punitive damages;
5. For post judgment interest;
6. For costs of suits incurred herein; and
7. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED this day 10th January, 2021.

/s/ Theida Salazar
**THEIDA SALAZAR SBN: 295547**
**LAW OFFICES OF THEIDA SALAZAR**
*Attorney for Plaintiffs*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **2140 N. Hollywood Way #7192 Burbank, CA 91510.**

On January 12th, 2021, I served the foregoing document described as **PLAINTIFFS' THIRD AMENDED COMPLAINT,** on interested parties in this action by personally serving a true and correct copy thereof addressed as follows:

### SEE ATTACHED MAILING LIST

[ X ]  (BY ELECTRONIC MAIL)

[ X ]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

/s/ Theida Salazar
Theida Salazar, Esq.

### SERVICE LIST

TO:  **Sarena Kustic**
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
401 West A Street Suite 1900
San Diego, CA 92101
619.321.6200 (Main)
619.321.6201 (Fax)
sarena.kustic@wilsonelser.com

*Attorney for Defendant, American Airlines*