UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELGIN BANKS et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES GROUP, INC., dba AMERICAN AIRLINES, et al., <br><br> Defendants. | Case No. 2:20-cv-05495-MCS-GJS <br><br> **ORDER GRANTING MOTION TO DISMISS AND TO STRIKE FOURTH AMENDED COMPLAINT (ECF NO. 56)** |

Defendant American Airlines Group, Inc., erroneously sued as American Airlines, Inc., doing business as American Airlines, moves to dismiss and to strike the Fourth Amended Complaint of Plaintiffs Elgin Banks, Aubrey Kelly, Natalie Epstein, Brandy Flowers, and Cynthia Vassor (4AC, ECF No. 55). (Mot., ECF No. 56-1.) Plaintiffs oppose. (Opp'n, ECF No. 57.) The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. The Court takes off calendar the hearing on the motion set for April 26, 2021.

**I.   BACKGROUND**

The Court detailed the factual allegations in its order on a prior motion to dismiss. (*See* Order Re: MTD SAC 2–3, ECF No. 37.) This action concerns a preflight incident

aboard an American Airlines passenger plane during which Plaintiffs assert they encountered race discrimination. (*See generally* 4AC.) Plaintiffs assert two claims against Defendant in the 4AC: (1) Banks and Kelly bring a claim of race discrimination under 42 U.S.C. §§ 1981 and (2) all Plaintiffs bring a claim of negligence. (4AC ¶¶ 60–147.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

### A. 42 U.S.C. § 1981 (Claim 1)

42 U.S.C. § 1981 protects the "right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." To state a claim under the statute, a plaintiff must plead "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on

2

the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Keum v. Virgin Am., Inc.*, 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011). In prior orders dismissing this claim, the Court found that Banks and Kelly failed to allege facts showing Defendant harbored racially discriminatory intent or identifying an activity § 1981 protects. (Order Re: MTD SAC 5–6; Order Re: MTD TAC 3, ECF No. 54.) The 4AC does not cure these issues.

The Court assumes Banks and Kelly allege sufficient facts to support an inference of discriminatory intent as to Defendant's provision of hotel and meal vouchers only to Caucasian passengers, including Epstein. (4AC ¶¶ 56, 78.) However, Banks and Kelly still do not adequately plead facts showing Defendant intentionally discriminated against them by declining to allow Banks to change seats and by checking Kelly's carry-on luggage. Banks and Kelly must allege facts supporting a reasonable inference that Defendant purposefully denied them a right protected under § 1981. *See Snoqualmie Indian Tribe v. City of Snoqualmie*, 186 F. Supp. 3d 1155, 1162–63 (W.D. Wash. 2016). Banks and Kelly now plead facts in the body of the 4AC that they previously presented exclusively by way of declarations attached to the operative complaints. (*See* 4AC ¶¶ 69–100 (citing *id.* Exs. 1–2, ECF No. 55-1).) The Court already twice considered the facts presented in the declarations and twice determined that the declarations are not sufficiently detailed to support a reasonable inference that racial animus accounts for the difference in treatment Banks and Kelly allege. (Order Re: MTD SAC 5; Order Re: MTD TAC 3.) Plaintiffs do not plead enough details about the comparator Caucasian passengers whom Defendant purportedly treated differently to generate a reasonable inference that "racial animus accounts for the difference in treatment." *Snoqualmie*, 186 F. Supp. 3d at 1163. Banks and Kelly plead new legal conclusions based on statements they made in their declarations. (*E.g.*, 4AC ¶ 76 ("Aubrey [Kelly] did not have the equal benefit of Caucasian citizens with the blatant denial to allow him to have his TSA certified carry-on baggage onboard Flight 1931.").) The Court cannot credit these. *Iqbal*, 556 U.S. at 678–79 ("[T]he tenet that a court must accept as true all of the

3

allegations contained in a complaint is inapplicable to legal conclusions.").

Further, Banks and Kelly still do not provide facts identifying an activity protected by § 1981 or describing how Defendant's conduct interfered with that activity. In their brief, Banks and Kelly present a theory that the protected activity is their purchase of the ticket for the flight. (Opp'n 13–14.)[1] They presented this theory at a prior hearing and in a prior brief. (Opp'n to MTD SAC 10, ECF No. 30; *see* Order Re: MTD SAC 5–6.) Despite two court orders expressly dismissing the ticketing theory for failure to plead it in the operative complaint, (Order Re: MTD SAC 5–6; Order Re: TAC 3), Banks and Kelly still have not pleaded facts in the 4AC identifying their ticket purchase as the protected activity undergirding their § 1981 claim. Even if their ticket purchase was well-pleaded, Banks and Kelly do not state facts showing how Defendant interfered with the activity. *See Knight v. Wells Fargo Bank NA*, 459 F. Supp. 3d 1288, 1291 (N.D. Cal. 2019) ("[A] plaintiff must identify an impaired 'contractual relation' by showing that intentional racial discrimination prevented the creation of a contractual relationship or impaired an existing contractual relationship."). For example, Banks and Kelly do not state facts indicating that Defendant's decision not to provide them a hotel voucher interfered with their ticket purchase or their rights under the ticket sale.

The § 1981 claim is dismissed.

**B.   Negligence (Claim 2)**

"The elements of any negligence cause of action are duty, breach of duty, proximate cause, and damages." *Peredia v. HR Mobile Servs., Inc.*, 25 Cal. App. 5th 680, 687 (2018).

Plaintiffs' newly pleaded duty does not provide a basis for their claim. Plaintiffs invoke California Civil Code section 2103, which provides that "[a] carrier of persons

---

[1] Banks and Kelly also assert that "[t]he fact that [they] are African-American men is their protected activity." (Opp'n 14.) Although the statute takes aim at race discrimination, being a member of, or identifying with, a racial group is not an enumerated activity protected by the statute. 42 U.S.C. § 1981(a).

4

for reward must give to passengers all such accommodations as are usual and reasonable, and must treat them with civility, and give them a reasonable degree of attention." As Plaintiffs concede, (Opp'n 17), the Federal Aviation Act expressly preempts the statute's application here. *Abou-Jaoude v. British Airways*, 228 Cal. App. 3d 1137, 1141 (1991).

Even assuming Defendant owed Plaintiffs a duty of care, Plaintiffs still do not adequately plead breach. The Court has already dismissed the claim on this basis twice. (Order Re: MTD SAC 8–9; Order Re: MTD TAC 4.) The Court agrees with Defendant that Plaintiffs' amendments do not materially change the allegations supporting this element. (*See* Mot. 13–16 (analyzing revised allegations).) New factual allegations are disguised legal conclusions. (*E.g.*, 4AC ¶ 118 ("[T]he declarations provided by each Plaintiff demonstrates and indicates that there was pervasive negligent discrimination and maltreatment conducted on Flight 1931."); *id.* ¶ 135 ("It is outstandingly clear that American, its' employees and staff members completed failed in their duties . . . ." (errors preserved)).) Plaintiffs rest their negligence claims against Defendant on intentional discrimination by Defendant's staff; they still have not squared the staff's intentional acts with Defendant's negligent breach of any duty, an issue the Court identified two complaints ago. (*See* Order Re: MTD SAC 8.) For example, Plaintiffs do not allege Defendant negligently hired, trained, supervised, or retained discriminatory staff. *See Keum*, 781 F. Supp. 2d at 952–53 (finding negligence claim adequately pleaded where plaintiff-passenger alleged defendant-airline breached duty to provide safe travel by employing flight attendant who struck plaintiff).

The negligence claim is dismissed.

### C. Leave to Amend

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (internal quotation marks omitted). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

This was Plaintiffs' fifth attempt to plead their claims. The Court granted three prior motions to dismiss. Despite counsel's numerous violations of the Local Rules, (*see* Reply ISO MTD TAC 3–6, ECF No. 50), and admitted disregard of a court order, (*see* Mot. to Amend 7, ECF No. 47), the Court thrice granted Plaintiffs leave to amend. In its order on the last motion to dismiss, the Court warned that the Fourth Amended Complaint was "likely Plaintiffs' last chance" to plead their claims. (Order Re: MTD TAC 4 (citing *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016)).) Plaintiffs have not rectified the deficiencies in their pleading despite having numerous attempts to do so. The Court determines that granting further leave to amend would be futile. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (affirming denial of leave to amend where amended complaint failed to cure defects identified in order dismissing prior complaint).

## IV. CONCLUSION

The Court grants Defendant's motion to dismiss without further leave to amend. The Court does not reach Defendant's motion to strike. The Court directs the Clerk to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: April 21, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE